■ PAUL MADDAUS, Respondent, v. THOMAS T. BOWMAN, Appellant.— In an action to recover damages for malpractice, defendant appeals from an order of the Supreme Court, Richmond County, dated March 4, 1958, which denies his motion to strike the action from the Trial Calendar on the ground that plaintiff had failed to furnish him with an authorization to obtain hospital records, as required by subdivision (d) of section 3 of the Statement of Readiness Rule of this court, applicable to the Supreme Court in the counties within the Second Judicial Department (Rules App. Div. [2d Dept.], special rule, eff. Jan. 15, 1957, as amd.). Order reversed; without costs, and motion granted unless, within 20 days after entry of the order hereon, plaintiff shall furnish to defendant an authorization to obtain copies of plaintiff's hospital records; if plaintiff complies with this condition, the order denying defendant's motion shall be deemed affirmed, without costs. In our opinion, subdivision (d) of section 3 of our Statement of Readiness Rule does not violate the Fourteenth Amendment of the Federal Constitution by denying equal protection of the laws (cf. *Gair* v. *Peck,* 6 N Y 2d 97, cert. denied 361 U. S. 374); it does not conflict with sections 352 and 354 of the Civil Practice Act; it is in harmony with the modern trend toward compulsory pretrial disclosure of parties' claims; it is consistent with the complex of statutes and rules adopted to achieve the salutary effects flowing from such pretrial disclosure (cf. Civ. Prac. Act, §§ 288, 296-a, 306; Rules Civ. Prac., rules 116, 117, 121-a); and it is within the court's inherent and statutory power to control the order of its business, and to so conduct its business as to safeguard the rights of all litigants, to preclude unfair procedural advantage to any party, and to prevent needless disruption of orderly court procedures (see *Kriger* v. *Holland Furnace Co.,* 12 A D 2d 44). Beldock, Acting P. J., Kleinfeld, Christ, Pette and Brennan, JJ., concur.

■ ROBERT MCALLISTER, Respondent, v. NEW YORK CITY HOUSING AUTHORITY, Defendant, and GEORGE F. DRISCOLL COMPANY et al., Appellants.— In an action to recover damages for personal injuries, the three defendant corporations (other than the New York City Housing Authority, which has not been served with process and did not appear), appeal from a judgment of the Supreme Court, Kings County, entered January 7, 1960, in favor of plaintiff against said three defendant corporations, after a nonjury trial. The judgment is based upon a decision and opinion rendered by the trial court. The judgment is for the total sum of $98,843.39, which includes $98,-482.20 as the damages computed and fixed by the trial court in its decision; $147.69 interest on the damages; and $213.50 costs. Judgment modified on the facts by reducing the damages from $98,482.20 to $70,000 and by reducing the interest and the total amount of the judgment accordingly. As so modified, the judgment is affirmed, without costs. Findings of fact inconsistent herewith are reversed and new findings are made as indicated herein. In our opinion, the award made by the trial court to the plaintiff for his damages is excessive. We find an award of $70,000 to be fair and adequate for all the damages and injuries suffered by the plaintiff. Nolan, P. J., Beldock, Christ, Pette and Brennan, JJ., concur. [24 Misc 2d 270.]