Miles F. McDonald, J.
This is a motion for an order restoring the above-entitled action to its numerical position on the Trial Calendar and for permission to file a statement of readiness nunc pro tunc reserving to the plaintiff the right to conduct an examination before trial of the defendant Jefferson Truck Renting Corp.
The Appellate Division of this Department has by order dated August 30, 1963, effective September 1, 1963, adopted rules affecting and regulating calendar practice. Since the effective date of the amended rules the court has received numerous applications for leave to restore actions to the calendar which have been stricken by the Clerk of the court for failure of the plaintiff to file a statement of readiness within the one-year period as provided in rules VIII of part 7. In support of the application the plaintiff has submitted a stipulation entered into between the attorneys for the respective parties consenting to the relief requested.
It is well to clarify the rules pertaining to similar applications where the provisions of the rules are effective.
The Appellate Division of this Department first adopted a “statement of readiness ” rule December 19, 1956, effective January 15, 1957, in order to place or retain any action on the calendar. Said rule provided that effective January 15, 1957, no action may be placed on any calendar unless, together with the note of issue, there is filed a statement of readiness. As to all other actions then on the calendar, the Appellate Division extended the time to file a statement of readiness until October 1, 1957. The rule was then amended effective November 18, 1957. Subdivision 8 of such rule provided that if any action be stricken from the calendar because of the failure to file a statement of readiness within the time prescribed, and if a motion to restore such action to the calendar for trial be granted, the action must be placed at the foot of the General Calendar; provided, that for good cause shown for such failure to file the statement, the Justice presiding in his discretion may order the action placed in any other calendar position.
Thereafter by separate orders in the First and Second Judicial Departments, the Appellate Divisions revised their respective rules effective March 1, 1962 to bring about procedural uniformity in both Departments with respect to the filing of notes of issue, preliminary requirements and applications for preferences. The Statement of Readiness Rule was modified to allow negligence cases which met specified conditions to be placed on the calendar in advance of filing a statement of readiness. Before the adoption of the uniform rules, the Presiding Justices of the *50 respective Appellate Divisions appointed a joint subcommittee of the Judicial Conference Departmental Committee for Court Administration in the First and Second Judicial Departments. On June 15, 1961 the subcommittee made a report in which it stated that when an action which was stricken from the calendar for failure to file a statement of readiness is restored to the calendar, it should receive a calendar position with new cases then going on the calendar. This provision was then incorporated in the amended rules effective March 1, 1962. However, it is interesting to note that the discretion given to the court to restore the action to any other appropriate calendar position than the foot of the calendar, as provided in the former rules effective November 18, 1957, was eliminated (see art. IV, subd. 8 of rules, eff. March 1,1962). When the rules were again amended, effective September 1, 1963, the same provision was made as in the former rule, requiring that when the action is restored to the calendar it shall be restored to the calendar at the foot thereof (see part 7, rule VIII of amended rules, eff. Sept. 1, 1963).
When the Statement of Readiness Rules was first adopted, effective January 15,1957, and then amended, effective November 18, 1957, such rule provided that the statement of readiness had to be filed with the note of issue. There was no provision in such rules to permit the filing of a note of issue and the filing of a statement of readiness at a subsequent date. It is thus self-evident that in adopting a uniform calendar rule the Appellate Divisions of the First and Second Judicial Departments were well aware that a party could for good cause be prevented from filing a statement of readiness which would delay the filing of a note of issue. It was provided in the uniform amended rules that a note of issue could be filed after compliance with the requirements of the rule for exchange of medical information and the service of the bill of particulars, with a statement of readiness to be filed within one year thereafter (see art. IV, subd. 8 of rules, eff. March 1, 1962). When the Appellate Division of this Department, by order dated August 30,1963, enacted new calendar rules, the provision for the filing of a note of issue without a statement of readiness was retained (see part 7, rule VIII).
Rule I of part 7 of the Statement of Readiness Rule now in force provides that except as otherwise provided in rules VI and VIII of this part, no action shall be placed on any calendar unless there is filed with the note of issue a “ statement of readiness ” with proof of service thereof. Rule VI of part 7 provides that if any party is prevented from filing a statement *51 of readiness because any pretrial examination has not been conducted or completed, he can, for good cause shown, make application to the court to grant permission to file the statement of readiness with leave to conduct or complete said examination at a future date. Thus, the first alternative is provided for in the rules for leave to file a statement of readiness with the note of issue, preserving unto the party the right to complete any pretrial examination. A second alternative was provided for by the adoption of rule VIII of part 7. Rule VIII allows a note of issue to be filed after compliance with the requirements of the rule for an exchange of medical information and the service of a bill of particulars, with a statement of readiness to be filed within one year thereafter. However, if the note of issue is filed without a statement of readiness, certain conditions are imposed upon the plaintiff. Failure to comply with these conditions will result in the action being stricken from the calendar and eventually subject the action to dismissal in accordance with the provisions of subdivision (c) of 3215 and 3404 Civil Practice Law and Rules. Rule IX of part 7 provides that if a note of issue is filed without a statement of readiness, any party, and that means plaintiff or defendant, who fails or omits to serve a notice of examination before trial within 60 days after service of a note of issue, shall have been deemed to waive the right to such examination except as provided in rules VI and VII of this part. The only manner in which such right may be preserved in the event the notice of examination before trial is not served within the required time, would be if an order had been made and entered permitting the examination to be conducted at a future date (see part 7, rules VI, VII, IX),
Where an action has been placed on the calendar without the filing of a statement of readiness, as provided in rule VIII of part 7, such action will automatically be stricken from the calendar by the Clerk of the court, if such statement of readiness is not filed within the one year from the date of filing of the note of issue. However, it should be called to the attention of the Bar that rule VIII makes further provision to extend the period of time required to file the statement of readiness. A party may by motion, for good cause shown, make an application to extend the time to file such statement of readiness. A party who does not avail himself of such right will have his action stricken from the calendar if such statement of readiness is not filed in time. It should be noted that rule VIII provides that an action so placed upon the calendar without the filing of a statement of readiness shall not be advanced to or placed on any Day Calendar, either reserve or ready, but shall retain its position on *52 the calendar until the filing of a statement of readiness, conforming to the requirements of rule II of, part 7. Bule VIII further provides that when an application is made to restore the action to the calendar, and if such application is granted, the action will lose its original numerical position on the calendar and will be restored to the calendar at the foot thereof. Thus a penalty is imposed upon a dilatory plaintiff. A reading of the Special Buies regulating calendar practice clearly indicates that ample provision has been made to relieve a party from strict compliance with the provisions of the rules and afford adequate relief upon good cause shown. It is only where a party fails to observe the requirements of the rules that penalties are imposed. In the insant case no motion was made to extend the plaintiffs’ time to file a statement of readiness. The action having been stricken from the calendar by the Clerk of this court, there is no authority in the court, even for good cause shown, to restore the action to its original numerical position on the calendar. Bule VIII of part 7 clearly intends and provides that such action must be restored to the foot of the calendar. To hold otherwise would in effect reward a dilatory party and is a clear violation of the rules.
As heretofore stated, annexed to the moving papers is a stipulation entered into between the parties stipulating, among other things, the restoration of the action to its numerical position on the calendar. ‘ But, as in other pretrial procedures, strict adherence to the pattern of the rule is not required if, to serve their own convenience, the parties stipulate otherwise and if the stipulation is consonant with the purposes of the rule ” (Padilla v. Damascus, 16 A D 2d 71, 72). Thus, for example, parties may waive their right to an examination before trial, or where a physical examination is conducted on consent prior to the institution of an action, the parties may, after the action has commenced, enter into a stipulation waiving a further physical examination and exchange of medical reports as required by the rules. But, as stated in Padilla v. Damascus (supra) the parties may not stipulate to matters which are not consonant with the purpose of the Statement of Beadiness Bule. The purpose of the Statement of Beadiness Buie is to insure that except as otherwise provided therein, only those actions in which all the preliminary proceedings have been completed and which are actually ready for trial shall be advanced on the Trial Calendar. The rules were created for the benefit of all litigants and should be equally applied to all litigants. To permit parties to enter into a stipulation which provides for the restoration of the case to its original ipimerical position on the calendar, would not be *53 consonant with the purpose of the rule and would, in effect, nullify its purpose.
Upon this application it appears that the plaintiff has complied with the provisions of rule V of part 7 and has satisfied the court that good cause has been established for the restoration of the action to the calendar at the foot thereof, with leave to the plaintiff to conduct an examination before trial of the defendant Jefferson Truck Renting Corp. at a future date.
Settle order in accordance with the terms of this decision, which shall further provide that with the filing of a statement of readiness the plaintiff shall be required to file a new note of issue without payment of fee.