Henry M. Zaleski, J.
Motion for reconsideration is granted and on reconsideration the court adheres to its original decision.
On January 5, 1965 plaintiffs filed a note of issue. At the time of filing of the note of issue no statement of readiness had, nor has one yet, been filed. In that state of the record, this court held that the note of issue was premature, citing for that conclusion rules I, II and VIII of part 7 of the Eules of the Appellate Division, Second Department.
Plaintiffs now advise that the note of issue contained a statement claiming a preference as permitted by rule I (subd. [6]) of part 5 of the Eules of the Appellate Division, Second Department. They argue that they thereby complied with rule VIII of part 7 and are entitled to file the note of issue without a statement of readiness, even though papers required on an application for preference were not filed. The court does not agree with that conclusion.
Ordinarily a note of issue may not be filed without a statement of readiness. (Part 7, rule I.) To ease the harshness of that rule provision is made for exceptions by rules VI and VIII of part 7. The former rule does not apply to the facts herein. Bule VIII permits an action to be placed on the calendar without a statement of readiness “ if an application for a preference complying with the provisions of Part Five of these rules is made upon the filing of the note of issue ”, The reference to part “Five” probably should be “Six” (see McKinney’s Cons. Laws of N. Y., Court Bules, p. 96), otherwise the reference to “an application” for a preference would be meaningless as would the enumeration of papers required to be filed “ with the note of issue ” in order to qualify for a preference. (Part 6, rule I.) In the opinion of this court, the advantage provided by rule VIII of part 7 is available if there has been compliance with part 6. (See Scully v. Jefferson Truck Renting Corp., 43 Misc 2d 48, 51, for an informative discussion of the evolution of part 7, rule VIII.)
Plaintiffs argue, however, that this conclusion nullifies CPLB 3402, which allows the filing of a note of issue 40 days after *148 service of the summons is complete. In this court’s opinion there is no conflict. CPLR 3401 authorizes the adoption of rules “ regulating the hearing of causes ” and “ the filing of notes of issue ”. That rule is consistent with the inherent power of the court to control its business. (See Maddaus v. Bowman, 12 A D 2d 626; Kriger v. Holland Furnace Co., 12 A D 2d 44.) Indeed a statute which would destroy that power would be unconstitutional. (Riglander v. Star Co., 98 App. Div. 101, affd. 181 N. Y. 531; Plachte v. Bancroft, Inc., 3 A D 2d 437.) Calendar control, which is a most important part of the court’s business is exercised to a great extent through rules which condition the filing of notes of issue on the performance by the parties of specified acts. There is nothing unconstitutional or improper about such rules.