[898 NE2d 561, 869 NYS2d 378]

CRAIG CRAWFORD, Respondent, v LIZ CLAIBORNE, INC., et al., Appellants.

Argued September 10, 2008; decided October 23, 2008

**APPEARANCES OF COUNSEL**

*Orrick Herrington & Sutcliffe, LLP,* New York City (*Michael Delikat* and *John D. Giansello* of counsel), for appellants.

*Thompson Wigdor & Gilly, LLP,* New York City (*Douglas H. Wigdor* and *Renan F. Varghese* of counsel), for respondent.

**OPINION OF THE COURT**

MEMORANDUM.

The order of the Appellate Division should be reversed, with costs, the case remitted to the Appellate Division for further proceedings in accordance with this decision and the certified question answered in the negative.

On September 24, 2004, plaintiff Craig Crawford brought a Human Rights Law action in Supreme Court, New York County, against his employer, Liz Claiborne, Inc., and other parties alleging discrimination based on sexual orientation. On April 11, 2005, the IAS Judge issued a preliminary conference order (PCO) directing that dispositive motions be made "per local rule."

At the time of the issuance of the PCO, rule 17 of the Rules of the Justices of the Supreme Court, Civil Branch, New York County (Local Rules) provided that "[u]nless specified otherwise in a particular case, pursuant to CPLR 3212 (a) all motions for summary judgment must be made no later than 60 days after the filing of the note of issue." The IAS Judge had individual

part rules in addition to the Local Rules, but at the time the PCO was issued had no individual part rule regarding summary judgment motions.

On April 17, 2006, before the note of issue was filed, the Local Rules were amended, including an amended rule 17 providing that

> "[u]nless otherwise provided in a particular case in the preliminary conference order or other directive of the Justice assigned, a motion for summary judgment shall be made no later than 120 days after the filing of the note of issue, except with leave of court for good cause shown."

Around the same time, the IAS Judge modified her individual part rules adding the language "[a]bsent court order, post note of issue dispositive motions shall be made within 60 days thereof."

Thus, when the instant note of issue was filed on May 15, 2006, the Local Rules differed from the IAS Judge's individual part rules regarding the deadline for filing a summary judgment motion. Under the IAS Judge's individual part rules, a motion for summary judgment would be due on July 17, 2006, whereas the parties would have 60 additional days under the amended Local Rules.

Defendants' motion for summary judgment was made on July 19, 2006. On July 20, 2006, plaintiff moved by order to show cause to strike defendants' motion as untimely. The IAS Judge denied the application and instructed plaintiff to raise the issue of timeliness in his response to the summary judgment motion. Thereafter, plaintiff opposed the motion solely on the ground of untimeliness without addressing the merits. At oral argument on September 18, 2006, the IAS Judge determined that the motion was untimely but found that defendants showed "good cause" for the delay in filing the motion. In that the motion was otherwise unopposed on the merits, the IAS Judge granted summary judgment for defendants.

Relying on *Brill v City of New York* (2 NY3d 648 [2004]), the Appellate Division, in a 3-2 decision, reversed, reinstated the complaint, and remanded the case to the Supreme Court (45 AD3d 284, 287 [1st Dept 2007]). Defendants appeal to this Court by leave of the Appellate Division on a certified question.

We hold that defendants' motion for summary judgment, made 62 days after the filing of the note of issue, was timely

and that *Brill* is inapplicable to this case. At the time the PCO was entered, the IAS Judge had no individual part rule; thus, "per local rule" could only have referred to the Local Rules of Supreme Court, New York County. In that the 120-day amended Local Rule was in effect at the time the note of issue was filed, defendants' motion was actually timely.

Given this conclusion, we need not address the secondary issue of whether the Appellate Division properly reassigned the case to a different Justice on remand. However, as the Appellate Division has not had an opportunity to pass on the propriety of Supreme Court's grant of summary judgment on the merits, we remit this case to the Appellate Division for that purpose.

Chief Judge KAYE and Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur in memorandum.

Order reversed, etc.