Thompson v Doe (2024 NY Slip Op 50930(U))

[*1]

Thompson v Doe

2024 NY Slip Op 50930(U)

Decided on July 21, 2024

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 21, 2024
Supreme Court, Kings County

Eric Thompson, Jr., Plaintiff,

against
John Doe, the name intended to be fictitious as the driver, JOSES PIERRE and SHAMDU NELSON, Defendants.

Index No. 521384/2023

Ardito Law Firm, P.C., Garden City (Nadia Rahman of counsel), for Plaintiff.

Aaron D. Maslow, J.

The following numbered papers were used on this motion:
NYSCEF Doc No. 36: Notice of motion
NYSCEF Doc No. 37: Affirmation of Raymond Ardito in Support of Motion
NYSCEF Doc No. 38: Exhibit A, DMV Search
NYSCEF Doc No. 39: Exhibit B, Email from Plaintiff's Counsel to Defendant's counsel as Plaintiff
NYSCEF Doc No. 40: Exhibit C, Affirmation of Merit
NYSCEF Doc No. 41: Word Certification for Affirmation of Merit
NYSCEF Doc No. 42: Affirmation of Service
NYSCEF Doc No. 45: Rejection of Stipulation of Adjournment
Upon the foregoing papers and having heard oral argument on the record, the within motion is determined as follows.
Background
This action was commenced on July 25, 2023, by the filing of a summons and complaint. Plaintiff Eric Thompson Jr. alleges that he sustained severe and permanent personal injuries on March 20, 2023, when his vehicle, a 2016 BMW, was struck by two other vehicles on the Belt Parkway at or near the Mill Basin Bridge in Brooklyn, New York. The vehicles involved were a 2015 Nissan operated by an unknown driver referred to as John Doe, employed by and with the consent of its owner Shamdu Nelson, and a 2010 Nissan driven by Joses Pierre. Plaintiff claims the accident resulted from the negligence and recklessness of Defendants regarding vehicle operation and maintenance. (See generally NYSCEF Doc No. 1, Complaint.)
On April 1, 2024, Plaintiff filed a notice of motion for a default judgment and an assessment of damages against Joses Pierre pursuant to CPLR § 3215 (a) and (b). The motion was calendared for Friday, June 7, 2024.
On June 5, 2024, a stipulation to adjourn the motion for default judgment against Joses Pierre to Friday, July 12, 2024, was filed with the Court. The stipulation was agreed upon by Plaintiff and Defendants John Doe and Shamdu Nelson. The Court rejected it.
The issues are whether to grant Plaintiff's motion for default judgment and whether to grant the parties' stipulation to adjourn the motion.
Discussion
(1) Court Rules
A trial court possesses the right to enforce the rules governing practice and procedure before it (e.g. McGee v Bishop, 192 AD3d 1446 [3d Dept 2021] [page-limit for memoranda of law]; Basie v Wiggs, 173 AD3d 1127 [2d Dept 2019] [Matrimonial Part rules]; Appleyard v Tigges, 171 AD3d 534 [1st Dept 2019] [60-day summary judgment motion deadline]; Biscone v Jetblue Airways Corp., 103 AD3d 158 [2d Dept 2012] [provide working copies of electronically-filed documents]; Maddus v Bowman, 12 AD2d 626 [2d Dept 1960] [Statement of Readiness Rule requiring plaintiff to furnish authorization to obtain hospital records]; Shmerelzon v Gravesend Mgt., Inc., 80 Misc 3d 1233[A], 2023 NY Slip Op 51155[U] [Sup Ct, Kings County 2023] [adjournment requests must contain specified data and be submitted on three days in advance]; Wade v Khadka, 80 Misc 3d 1222[A], 2023 NY Slip Op 51058[U] [Sup Ct, Kings County 2023] [identify party seeking adjournment and good cause reason]; Brick&Mortar LLC v Momo Sushi Inc., 79 Misc 3d 1239[A], 2023 NY Slip Op 50838[U] [Sup Ct, Kings County 2023] [submission of referenced electronically-filed documents as exhibits to motion papers]; Stipa Sprecase v Tenreiro, 2023 WL 3972435 [Sup Ct, NY County 2023] [motions to reargue or renew be made by order to show cause]; Latorre v Rahman, 2022 NY Slip Op 32044[U] [Sup Ct, NY County 2022] [no motions allowed until conference is held]; Bedingfield v Dairymade Farms, Inc., 46 Misc 2d 146, 148 [Sup Ct, Suffolk County 1965] [rule requiring statement of readiness be filed with note of issue "is consistent with the inherent power of the Court to control its business"]; Scully v Jefferson Truck Renting Corp., 43 Misc 2d 48 [Sup Ct, Kings County 1964] [statement of readiness be filed with note of issue]; cf. Crawford v Liz Claiborne, Inc., 11 NY3d 810 [2008] [IAS Part rule not in effect when preliminary conference order issued, resulting in application of Local Rules]). "[I]t is within the court's inherent and statutory power [*2]to control the order of its business, and to so conduct its business as to safeguard the rights of all litigants, to preclude unfair procedural advantage to any party, and to prevent needless disruption of orderly court procedures" (Maddaud v Bowman, 12 AD2d 626, 626 [2d Dept 1960]).
(2) Stipulation to Adjourn Motion
The stipulation to adjourn the motion for a default judgment remains DENIED because it violated two of this Court's IAS Part 2 Rules.
The stipulation provided:
IT IS HEREBY STIPULATED AND AGREED by and between the attorneys for plaintiff and defendants "JOHN DOE" and SHAMDU NELSON, that plaintiff's motion, motion sequence # 4, for an Order pursuant to CPLR § 3215 (a) and (b), directing a default judgment and an assessment of damages against defendant JOSES PIERRE, setting the matter down for an inquest against defendant JOSES PIERRE at the time of trial against all defendants herein, and for such further relief as this Court deems just and proper, shall be adjourned to July 12, 2024, or any other date the Court shall direct (NYSCEF Doc No. 45, Stipulation & Rejection).
First, the stipulation violates IAS Part 2 Rules, Part II (Motions & Special Proceedings), Subpart D (Adjournments), § 1. It provides: "The deadline for filing such stipulations of adjournments and applications for adjournments shall be 5:00 p.m. of the third court business day prior to the scheduled motion date" (https://ww2.nycourts.gov/courts/2jd/kings/civil/MaslowRules.shtml [last accessed Jun. 14, 2024]).
The stipulation was filed on June 5, 2024, which is later than three court business days prior to the motion date, which was June 7, 2024. Although the date written in the document is June 4, 2024, it was filed in NYSCEF one day later (see NYSCEF Doc No. 45, Stipulation & Rejection).
Second, the stipulation violates Part II (Motions & Special Proceedings), Subpart D (Adjournments), § 3. It provides:
§ 3. Contents of applications for adjournments and stipulations of adjournment. Applications for adjournments and stipulations of adjournment must include all of the following: (a) complete caption (including any third-party actions), (b) motion Sequence Number(s) and relief sought, (c) motion calendar date, (d) identify party seeking the adjournment and said party's good-cause reason therefor, (e) details of any prior adjournments of the motion, and (f) details of future motion calendar dates with Motion Sequence No. and relief sought for other sequenced motions in the case. Adjournments will be to the next available date convenient to the Court. Therefore, any reference to a date in a stipulation or adjournment application has no binding effect. (https://ww2.nycourts.gov/courts/2jd/kings/civil/MaslowRules.shtml [last accessed Jun. 14, 2024].)
The stipulation neither identified which party sought the adjournment nor a good-cause [*3]reason for it. Also, the stipulation ignored the provisions in § 3 which require that details of any prior adjournments of the motion and details of future motions be set forth.
These rules exist so that IAS Part 2 can review motions scheduled for oral argument in advance, all the while adjourn motions where the parties seek an adjournment sufficiently in time so that the motion papers will not get reviewed. If the Court does not receive timely notice of a requested adjournment, it will end up reviewing a motion which will not be heard, thus wasting valuable time. Content requirements for adjournment requests enhance the Court's ability to make informed determinations on an adjournment requests.
(3) Motion for Default Judgment
Plaintiff's motion for a default judgment is DENIED for violating three of this Court's IAS Part 2 Rules.
First, Plaintiff violated Part II (Motions & Special Proceedings), Subpart B (Papers), § 19. It provides:
§ 19. Previously electronically-filed documents. Where reference is made to a previously electronically-filed document, said document must be submitted as an exhibit on the motion (https://ww2.nycourts.gov/courts/2jd/kings/civil/MaslowRules.shtml [last accessed Jun. 14, 2024]).
Plaintiff's affirmation in support of the motion for default judgment refers to four previously filed documents (see NYSCEF Doc No. 37, Affirmation in Support ¶¶ 2, 3, 4, 10) — specifically, documents 1, 5, 6, and 17. However, none of these documents were submitted as exhibits.
This rule is in place because resubmitting previously filed documents enhances the court's ability to determine a motion, and it should not be the court's burden to sift through NYSCEF to locate referenced documents (see Brick&Mortar LLC v Momo Sushi Inc., 79 Misc 3d 1239[A], 2023 NY Slip Op 50838[U] [Sup Ct, Kings County 2023].
Second, Plaintiff violated Part II (Motions & Special Proceedings), Subpart B (Papers), § 27. It provides:
§ 27. Additional modes of service of papers on certain parties. Additionally, if there are parties who have not appeared in the action and against whom a default judgment has not been entered, . . . the papers — whether in support of or in opposition to the motion — shall be served on them additionally as follows: (a) by first-class mail (with postmarked certificate of mailing) to all known residence and business addresses, (b) by certified mail, return receipt requested to all known residence and business addresses, and (c) to known email addresses, regardless of said papers having been served already otherwise (e.g., a filing in NYSCEF) (https://ww2.nycourts.gov/courts/2jd/kings/civil/MaslowRules.shtml [last accessed Jun. 14, 2024]).
This rule applies because Defendant has not appeared in the action, and a default judgment has not been entered against him yet. So far, Plaintiff has only moved for a default [*4]judgment — this decision will determine that motion. The purpose for the rule is to render it more likely that a defaulting party is made aware of the motion for a default judgment. With more mailings being sent, it is more likely that at least one will reach the party, and if the party receives more than one, the seriousness of the relief of a default judgment being entered might impel the nonappearing party to rectify the situation and appear, with the resulting benefit that the action may be decided on the merits, rather than on default.
Plaintiff did not serve Defendant in accordance with this rule (see NYSCEF Doc No. 42, Affirmation of Service). Plaintiff stated in the Affirmation of Service that he served the Notice of Motion and supporting papers by "depositing a true copy thereof enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State" (id.). This statement fails to prove compliance with the rules because placing the papers under the "exclusive care and custody of the U.S. Postal Service" says nothing about whether he sent the papers by first-class mail and certified mail, as well as to all known residence and business addresses.
Third, Plaintiff violated Part II (Motions & Special Proceedings), Subpart C (Appearances & Post-Order Matters), § 2. It provides:
§ 2. Notifying certain parties of motion calendar date. If there are parties who have not appeared in the action and against whom a default judgment has not been entered, if there are self-represented parties, or if counsel is seeking to be relieved from representing a party, counsel for the movant shall notify them of the original motion calendar date and any adjourned motion calendar date as follows: (a) by first-class mail (with postmarked certificate of mailing) to all known residence and business addresses, (b) by certified mail, return receipt requested to all known residence and business addresses, and (c) to known email addresses, regardless of the motion papers having been previously served. Said notice shall include a summary of the relief sought, the Court's address and courtroom number, and a copy of these Part Rules. Proof of service of such notice shall be filed. This is in addition to such other service as may have been effectuated in compliance with statute or general court rules (e.g., a filing in NYSCEF) or in an order to show cause. (https://ww2.nycourts.gov/courts/2jd/kings/civil/MaslowRules.shtml [last accessed June 14, 2024].).
Plaintiff violates this rule for two reasons. Plaintiff did not notify Defendant of the original calendar date, June 7, 2024, through the means required by the rules. Also, he should have included a summary of the relief sought, the Court's address and courtroom number, and a copy of this Court's rules.
The purpose for this rule is the view of this Court that a default judgment should not be granted unless the defendant against whom the default is sought is informed of the location, date, and time where the motion will be argued before the Court. A nonappearing defendant obviously has not registered for receipt of notices from the court system's program for notification of upcoming dates of motions and conferences. Even if it received a copy of the motion for a default, the date listed in the notice of motion will not be the actual date for oral argument. The Motion Support Office in Supreme Court, Kings County, never calendars a motion for the date listed in the Notice of motion. It reschedules it to a later date. Unless the defaulting party is notified of the date for oral argument it has no way to know when it is. Even if the defaulting [*5]party has not submitted papers in opposition to the motion for a default judgment, the date for oral argument before the court on the motion is the last opportunity for the party to appear and offer some explanation for why it never answered the complaint. The opportunity is lost when it is not apprised of the date for oral argument.
Conclusion
IT IS HEREBY ORDERED that for failure to comply with this Court's IAS Part 2 Rules, Plaintiff's motion for a default judgment is DENIED without prejudice, and the parties' stipulation to adjourn the motion is REJECTED.
E N T E R
HON. AARON D. MASLOW
Justice of the Supreme Court of the State of New York