Quamina v Sinclair (2024 NY Slip Op 51227(U))

[*1]

Quamina v Sinclair

2024 NY Slip Op 51227(U)

Decided on September 9, 2024

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 9, 2024
Supreme Court, Kings County

Elizabeth Quamina, Plaintiff,

against
Dionne Sinclair and BAULRAM RAMSARAN, Defendants.

Index No. 531673/2023

The Law Office of Sean H. Rooney, Brooklyn (Norvanie Sookram of counsel), for plaintiff.
Hannum Feretic Prendergast & Merlino, LLC, Manhattan (Erol B. Gurcan of counsel), for defendant Baulram Ramsaran.

Aaron D. Maslow, J.

The following numbered papers filed on NYSCEF were used on this motion:
Submitted by Plaintiff
Doc No. 19: notice of motion
Doc No. 20: affirmation of Sean H. Rooney in support
Doc No. 21: Exhibit A — pleadings
Doc No. 22: Exhibit B — affidavit of service of summons and complaint
Doc No. 23: Exhibit C — affidavit of service of summons and complaint
Submitted by Defendant Baulram Ramsaran
Doc No. 24: affirmation of Erol B. Gurcan in partial opposition
Doc No. 25: affidavit of service of partial opposition
Upon the foregoing papers, having heard oral argument, and due deliberation having [*2]been had, the within motion is determined as follows.[FN1]

This is a motion by Plaintiff Elizabeth Quamina seeking a default judgment on the issue of liability against Defendant Dionne Sinclair in an action alleging personal injuries resulting from a motor vehicle accident on March 30, 2023 in Brooklyn. Plaintiff claims that Defendants Sinclair and Baulram Ramsaran owned or operated a Volkswagen which came in contact with a Mercedes operated by Plaintiff. (See generally NYSCEF Doc Nos. 19, notice of motion; 21, complaint.) The action was commenced on October 30, 2023 (see NYSCEF Doc No. 21, summons). The summons and complaint were allegedly served on Defendant Sinclair by affixation and mail on February 17, 2024 (see NYSCEF Doc No. 22, affidavit of service).
At oral argument, the Court raised an issue as to compliance with two provisions of IAS Part 2 Rules. Part II (Motions & Special Proceedings), Subpart B (Papers), § 27, provides:
§ 27. Additional modes of service of papers on certain parties. Additionally, if there are parties who have not appeared in the action and against whom a default judgment has not been entered, if there are self-represented parties, or if counsel is seeking to be relieved from representing a party, the papers — whether in support of or in opposition to the motion — shall be served on them additionally as follows: (a) by first-class mail (with postmarked certificate of mailing) to all known residence and business addresses, (b) by certified mail, return receipt requested to all known residence and business addresses, and (c) to known email addresses, regardless of said papers having been served already otherwise (e.g., a filing in NYSCEF). (https://ww2.nycourts.gov/courts/2jd/kings/civil/MaslowRules.shtml [last accessed Sept. 9, 2024]).
This rule is designed to ensure that parties who have not yet appeared in the action and would not otherwise receive a set of motion papers which could affect them be sent not just one copy, but at least one other — using different mailing modalities. In the context of a defendant who has not answered the complaint, the rule is designed to impress upon the said defendant that a motion against her interests is being made — that a default judgment is being sought. With more than one mailing being sent, it is more likely that at least one will reach the party, and if the nonappearing party receives more than one, the seriousness of the relief of a default judgment possibly being entered might impel the said party to rectify the situation and respond to the motion. Deciding a motion on the merits based on the parties' appearing and presenting arguments is favored over a determination resulting from a default (see Mineroff v R.H. Macy's & Co., 97 AD2d 535, 536 [2d Dept 1983]).
Plaintiff did not serve Defendant Sinclair in accordance with this rule. In fact, after closely scrutinizing the NYSCEF landing page for the instant action, the Court sees no proof of any service of Plaintiff's motion papers on Defendant Sinclair in any fashion. Thus, nothing of record evidences Defendant Sinclair being aware of a motion for a default judgment against her.
The other provision of IAS Part 2's Rules which the Court called attention to at oral argument was Part II (Motions & Special Proceedings), Subpart C (Appearances & Post-Order Matters), § 2. It provides:
§ 2. Notifying certain parties of motion calendar date. If there are parties who have not appeared in the action and against whom a default judgment has not been entered, if there are self-represented parties, or if counsel is seeking to be relieved from representing a party, counsel for the movant shall notify them of the original motion calendar date and any adjourned motion calendar date as follows: (a) by first-class mail (with postmarked certificate of mailing) to all known residence and business addresses, (b) by certified mail, return receipt requested to all known residence and business addresses, and (c) to known email addresses, regardless of the motion papers having been previously served. Said notice shall include a summary of the relief sought, the Court's address and courtroom number, and a copy of these Part Rules. Proof of service of such notice shall be filed. This is in addition to such other service as may have been effectuated in compliance with statute or general court rules (e.g., a filing in NYSCEF) or in an order to show cause. (https://ww2.nycourts.gov/courts/2jd/kings/civil/MaslowRules.shtml [last accessed Sept. 9, 2024].)
The purpose for this rule is to inform a non-appearing party of the location and date when a motion will be heard. A nonappearing defendant obviously has not registered for receipt of notices from the court system's electronic platform for notification of upcoming dates of motions and conferences. Even if a nonappearing party received a copy of the motion papers in the mail, the return date listed in the notice of motion will not be the actual date for oral argument. The Motion Support Office in Supreme Court, Kings County, never calendars a motion for the return date set forth by the movant in the notice of motion. It routinely reschedules it to a later date. Unless the nonappearing party is notified of the date for oral argument she has no way to know when the motion will be argued.[FN2]
In the context of a motion for a default judgment, if the nonappearing, defaulting defendant has not submitted papers in opposition to the motion for a default judgment, the date for oral argument before the court on the motion is the last opportunity for the party to appear and offer some explanation for why she never answered the complaint. The opportunity is lost when the defaulting defendant is not apprised of the date for oral argument.
Nothing in the record evidences that Plaintiff notified Defendant Sinclair that the within motion for a default judgment was to be heard on September 9, 2024, at Courtroom 18.36 at the Supreme Court Courthouse, 320 Jay Street, Brooklyn, New York. There was no way for said Defendant to know that this motion against her was scheduled for then.
A trial court possesses the right to enforce the rules governing practice and procedure before it (e.g. Anuchina v Marine Transp. Logistics, Inc., 216 AD3d 1126 [2d Dept 2023] [*3][motion relating to disclosure must be accompanied by moving counsel's affirmation attesting to having conferred with opposing counsel in good faith effort to resolve issues]; McGee v Putnam County Assistant Dist. Attorney David M. Bishop, 192 AD3d 1446 [3d Dept 2021] [memorandum of law page limit]; Hornsby v Cathedral Parkway Apts. Corp., 179 AD3d 584 [1st Dept 2020] [affirmation page limit]; Basie v Wiggs, 173 AD3d 1127 [2d Dept 2019] [Matrimonial Part rules]; Appleyard v Tigges, 171 AD3d 534 [1st Dept 2019] [60-day summary judgment motion deadline]; Shah v RBC Capital Mkts. LLC, 115 AD3d 444 [1st Dept 2014] [all outstanding discovery matters to be raised at compliance conferences]; Biscone v Jetblue Airways Corp., 103 AD3d 158 [2d Dept 2012] [provide working copies of electronically-filed documents]; Maddus v Bowman, 12 AD2d 626 [2d Dept 1960] [Statement of Readiness Rule requiring plaintiff to furnish authorization to obtain hospital records]; Thompson v Doe, 83 Misc 3d 1246[A], 2024 NY Slip Op 50930[U] [Sup Ct, Kings County 2024] [adjournment stipulation late and not conforming to rule's content requirements; submission of referenced electronically-filed documents without being submitted as exhibits to motion papers; motion papers to be served on nonappearing parties via first-class mail with postmarked certificate of mailing and certified mail return receipt requested; nonappearing party to be apprised of motion date and location]; Shmerelzon v Gravesend Mgt., Inc., 80 Misc 3d 1233[A], 2023 NY Slip Op 51155[U] [Sup Ct, Kings County 2023] [adjournment requests must contain specified data and be submitted three days in advance]; Wade v Khadka, 80 Misc 3d 1222[A], 2023 NY Slip Op 51058[U] [Sup Ct, Kings County 2023] [identify party seeking adjournment and good cause reason]; Brick&Mortar LLC v Momo Sushi Inc., 79 Misc 3d 1239[A], 2023 NY Slip Op 50838[U] [Sup Ct, Kings County 2023] [submission of referenced electronically-filed documents as exhibits to motion papers]; Stipa Sprecase v Tenreiro, 2023 WL 3972435 [Sup Ct, NY County 2023] [motions to reargue or renew be made by order to show cause]; Latorre v Rahman, 2022 NY Slip Op 32044[U] [Sup Ct, NY County 2022] [no motions allowed until conference is held]; Bedingfield v Dairymade Farms, Inc., 46 Misc 2d 146, 148 [Sup Ct, Suffolk County 1965] [rule requiring statement of readiness be filed with note of issue "is consistent with the inherent power of the Court to control its business"]; Scully v Jefferson Truck Renting Corp., 43 Misc 2d 48 [Sup Ct, Kings County 1964] [statement of readiness be filed with note of issue]; cf. Crawford v Liz Claiborne, Inc., 11 NY3d 810 [2008] [IAS Part rule not in effect when preliminary conference order issued, resulting in application of Local Rules]). "[I]t is within the court's inherent and statutory power to control the order of its business, and to so conduct its business as to safeguard the rights of all litigants, to preclude unfair procedural advantage to any party, and to prevent needless disruption of orderly court procedures" (Maddaud v Bowman, 12 AD2d 626, 626 [2d Dept 1960]).
This Court elects to enforce the above two provisions of its Rules which are of significant importance in the context of a motion for a default against a nonappearing defendant. In light of moving Plaintiff's failure to comply with these provisions, the Court will not enter a default judgment against Defendant Sinclair. Any issues raised by Defendant Baulram Ramsaran are academic.
Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for a default judgment is DENIED without prejudice.
E N T E R
HON. AARON D. MASLOW
Justice of the Supreme Court of the State of New York

Footnotes

Footnote 1:The Court calls attention to the provisions requiring that an opinion or decision be included in the record on appeal should an appeal be taken (see CPLR 5526; 22 NYCRR 1250.7 [b] [4], [d] [1] [iii]). Transcripts may be procured from the court reporter (see Matter of Lewandowski v Office of Ct. Admin., 173 Misc 2d 335 [Sup Ct, Albany County 1997]).

Footnote 2:. The purpose underlying the mandate to include a copy of the Part Rules is that the recipient of the motion papers should be informed as to IAS Part 2's standards for any responsive papers and to apprise her of logistical details governing appearances at motion calendars and how to communicate with the Part if necessary.