Global Merchant Cash, Inc. v Alexis Group Logistics Co. (2024 NY Slip Op 51380(U))

[*1]

Global Merchant Cash, Inc. v Alexis Group Logistics Co.

2024 NY Slip Op 51380(U)

Decided on October 7, 2024

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on October 7, 2024
Supreme Court, Kings County

Global Merchant Cash, Inc., Plaintiff,

against
Alexis Group Logistics Co. D/B/A ALEXIS GROUP LOGISTICS 
 and WAYNE ALEXIS JR, Defendants.

Index No. 518974/2022

Ainsworth Gorkin PLLC, New York City (Geoff Bowser of counsel), for plaintiff.

Aaron D. Maslow, J.

The following numbered papers filed on NYSCEF were used on this motion:
Submitted by Plaintiff
Doc Nos. 35-50, 53, 54: Notice of motion, supporting affidavits/affirmations, exhibits, seeking default judgment
Judicial Notice Taken by Court
Doc No. 28: Order, Jan. 30, 2024, relieving Defendants' counsel
Doc No. 31: Order, Mar. 19, 2024, denying without prejudice Plaintiff's motion for default judgment due to absence of proof of service of papers commencing action
Upon the foregoing papers, having heard oral argument virtually via Microsoft Teams on the record, and due deliberation having been had, the within motion is determined as follows.[FN1]

This is a motion by Plaintiff Global Merchant Cash, Inc. seeking a default judgment against Defendants Alexis Group Logistics Co. d/b/a Alexis Group Logistics ("Defendant [*2]Business") and Wayne Alexis Jr [FN2]
("Individual Defendant") in an action alleging breach of a merchant cash advance contract. The action was commenced by summons with notice on July 5, 2022 (see NYSCEF Doc No. 37, summons with notice). Service was allegedly made by certified mail on July 8, 2022 (see NYSCEF Doc No. 38, affirmation). Defendants, through an attorney, Michelle Rago, served a demand for a complaint on October 12, 2022 (see NYSCEF Doc No. 41, demand for complaint). A complaint was filed on November 2, 2022 (see NYSCEF Doc No. 42, complaint).
Plaintiff moved on March 23, 2023 (Mot. Seq. No. 1) for a default judgment against Defendants, which resulted in an order of Supreme Court, Hon. Saul Stein, denying the motion on March 19, 2024 (see NYSCEF Doc No. 31, order). The denial was without prejudice; Plaintiff had failed to submit proof of service of the summons and complaint (see id.). Meanwhile, the same Court, on January 30, 2024, had granted the motion by Attorney Rago to be relieved as Defendants' counsel (Mot. Seq. No. 2) (see NYSCEF Doc No. 28, order).
Plaintiff again moved for a default judgment against Defendants on June 20, 2024 (see NYSCEF Doc No. 35, notice of motion); that is the motion presently before the Court. By now, of course, Defendants were no longer represented by counsel. Plaintiffs have submitted proof of service of the motion papers. They did this twice. On June 24, 2024 and June 24, 2026, affirmations of service by Attorney Yeshaya Gorkin were filed regarding service on Defendant Business and Individual Defendant respectively (see NYSCEF Doc Nos. 49, 50). Another set of affirmations attesting to service — one for each Defendant — was filed on August 15, 2024 (see NYSCEF Doc Nos. 53, 54).
In all four affirmations of service, Attorney Gorkin referred to the served documents by their descriptive terms, preceded by the adjective "annexed" (NYSCEF Doc Nos. 49, 50, 53, 54). Service was made in all instances "by causing the same to be mailed in a sealed envelope, with postage paid wrapper via priority mail, certified and return receipt requested, in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York designated for that purpose, addressed to: . . ." (id.).
At oral argument, the Court raised an issue as to the sufficiency of proof of service, including whether there was compliance with provisions of IAS Part 2 Rules. Part II (Motions & Special Proceedings), Subpart B (Papers), § 27, provides:
§ 27. Additional modes of service of papers on certain parties. Additionally, if there are parties who have not appeared in the action and against whom a default judgment has not been entered, if there are self-represented parties, or if counsel is seeking to be relieved from representing a party, the papers — whether in support of or in opposition to the motion — shall be served on them additionally as follows: (a) by first-class mail (with postmarked certificate of mailing) to all known residence and business addresses, (b) by certified mail, return receipt requested to all known residence and business addresses, and (c) to known email addresses, regardless of said papers having been served already otherwise (e.g., a filing in NYSCEF). (https://ww2.nycourts.gov/courts/2jd/kings/civil/MaslowRules.shtml [last accessed Oct. 7, 2024]).
This rule is designed to ensure that parties who have not yet appeared in the action or are self-represented, and would not otherwise receive via NYSCEF efiling a set of motion papers which could affect them, be mailed not just one copy, but at least one other — using different mailing modalities. In the context of a defendant who has not answered the complaint, the rule is designed to impress upon the said defendant that a motion against his interests is being made — that a default judgment is being sought. With more than one mailing being sent, it is more likely that at least one will reach the party, and if the nonappearing party receives more than one, the seriousness of the relief of a default judgment possibly being entered might impel the said party to rectify the situation and respond to the motion. Deciding a motion on the merits based on the parties' appearing and presenting arguments is favored over a determination resulting from a default (see Mineroff v R.H. Macy's & Co., 97 AD2d 535, 536 [2d Dept 1983]).
Defendants are no longer represented by an attorney. Hence they are functionally self-represented and they never answered the complaint. Plaintiff did not serve Defendants in accordance with this Court's above-quoted rule. Plaintiff has not submitted copies of either a certificate of mailing or a certified mail receipt, or even a (green) return receipt card. Moreover, since the subject matter of this litigation is a merchant cash advance contract, no doubt Plaintiff had an email address for Defendants yet there is no attestation to service also via email, as the Part Rules require.
The wording in the affirmations of service is awkward. It refers to "priority mail, certified and return receipt requested." This can be construed as one mailing or three mailings (although there is no mode of mail service entitled "return receipt requested").[FN3]
Since Plaintiff did not establish that mailings took place by first-class mail, certified mail, and email, it failed to properly prove service of the motion papers in accordance with IAS Part 2 Rules.
The Court notes that priority mail is a form of first-class mail and one can obtain a certificate of mailing for priority mail. Plaintiff did not reference a certificate of mailing.
As noted above, Attorney Gorkin referred to the "annexed" motion papers, yet on the dates of filing the affirmations of service, nothing else was filed by Plaintiff on NYSCEF. Hence, the word "annexed" cannot be construed as referring to anything filed there. Therefore, putting aside the issue of compliance with the Rules, the proof of service of the motion papers was in any event deficient due to the reference to "annexed" papers, which were not annexed. And, with the confusing wording in the affirmations, it is unknown as to how any mailings were effectuated.
The other provision of IAS Part 2's Rules which the Court called attention to at oral argument was Part II (Motions & Special Proceedings), Subpart C (Appearances & Post-Order Matters), § 2. It provides:
§ 2. Notifying certain parties of motion calendar date. If there are parties who have not appeared in the action and against whom a default judgment has not been entered, if there are self-represented parties, or if counsel is seeking to be relieved from representing [*3]a party, counsel for the movant shall notify them of the original motion calendar date and any adjourned motion calendar date as follows: (a) by first-class mail (with postmarked certificate of mailing) to all known residence and business addresses, (b) by certified mail, return receipt requested to all known residence and business addresses, and (c) to known email addresses, regardless of the motion papers having been previously served. Said notice shall include a summary of the relief sought, the Court's address and courtroom number, and a copy of these Part Rules. Proof of service of such notice shall be filed. This is in addition to such other service as may have been effectuated in compliance with statute or general court rules (e.g., a filing in NYSCEF) or in an order to show cause. (https://ww2.nycourts.gov/courts/2jd/kings/civil/MaslowRules.shtml
 [last accessed Sept. 9, 2024].)
The purpose for this rule is to inform a non-appearing party or a self-represented one of the location and date when a motion will be heard. A nonappearing defendant obviously has not registered for receipt of notices from the court system's electronic platform for notification of upcoming dates of motions and conferences. Even if a nonappearing party received a copy of the motion papers in the mail, the return date listed in the notice of motion will not be the actual date for oral argument. The Motion Support Office in Supreme Court, Kings County, never calendars a motion for the return date set forth by the movant in the notice of motion. It routinely reschedules it to a later date. Unless the nonappearing party is notified of the date for oral argument he has no way to know when the motion will be argued.[FN4]
In the context of a motion for a default judgment, if the nonappearing, defaulting defendant has not submitted papers in opposition to the motion for a default judgment, the date for oral argument before the court on the motion is the last opportunity for the party to appear and offer some explanation for why he never answered the complaint. The opportunity is lost when the defaulting defendant is not apprised of the date for oral argument.
As mentioned above (see supra at 2-3), Defendants are functionally self-represented and they never answered the complaint. Nothing in the record evidences that Plaintiff notified Defendants that the within motion for a default judgment was to be heard on October 7, 2024. There was no way for said Defendants to know that this motion against them was scheduled for then, as Defendants have not registered for electronic notifications from the court system (this Court checked the Case Detail information on NYSCEF [FN5]
). Plaintiff noticed this motion for July 10, 2024; it was on the virtual motion calendar on October 7, 2024, having been adjourned.) In essence, this Court conducted oral argument on the within motion without Defendants having any idea about it. This is not how litigation should be conducted. Defendants may default in answering a complaint but they should be apprised as to when and where the motion seeking the [*4]default judgment is to be heard.
A trial court possesses the right to enforce the rules governing practice and procedure before it (e.g. Anuchina v Marine Transp. Logistics, Inc., 216 AD3d 1126 [2d Dept 2023] [motion relating to disclosure must be accompanied by moving counsel's affirmation attesting to having conferred with opposing counsel in good faith effort to resolve issues]; McGee v Putnam County Assistant Dist. Attorney David M. Bishop, 192 AD3d 1446 [3d Dept 2021] [memorandum of law page limit]; Hornsby v Cathedral Parkway Apts. Corp., 179 AD3d 584 [1st Dept 2020] [affirmation page limit]; Basie v Wiggs, 173 AD3d 1127 [2d Dept 2019] [Matrimonial Part rules]; Appleyard v Tigges, 171 AD3d 534 [1st Dept 2019] [60-day summary judgment motion deadline]; Shah v RBC Capital Mkts. LLC, 115 AD3d 444 [1st Dept 2014] [all outstanding discovery matters to be raised at compliance conferences]; Biscone v Jetblue Airways Corp., 103 AD3d 158 [2d Dept 2012] [provide working copies of electronically-filed documents]; Maddus v Bowman, 12 AD2d 626 [2d Dept 1960] [Statement of Readiness Rule requiring plaintiff to furnish authorization to obtain hospital records]; Quamina v Sinclair, 83 Misc 3d 1286[A], 2024 NY Slip Op 51227[U] [Sup Ct, Kings County 2024] [motion papers to be served on nonappearing parties via first-class mail with postmarked certificate of mailing and certified mail return receipt requested; nonappearing party to be apprised of motion date and location]; Thompson v Doe, 83 Misc 3d 1246[A], 2024 NY Slip Op 50930[U] [Sup Ct, Kings County 2024] [adjournment stipulation late and not conforming to rule's content requirements; submission of referenced electronically-filed documents without being submitted as exhibits to motion papers; motion papers to be served on nonappearing parties via first-class mail with postmarked certificate of mailing and certified mail return receipt requested; nonappearing party to be apprised of motion date and location]; Shmerelzon v Gravesend Mgt., Inc., 80 Misc 3d 1233[A], 2023 NY Slip Op 51155[U] [Sup Ct, Kings County 2023] [adjournment requests must contain specified data and be submitted three days in advance]; Wade v Khadka, 80 Misc 3d 1222[A], 2023 NY Slip Op 51058[U] [Sup Ct, Kings County 2023] [identify party seeking adjournment and good cause reason]; Brick&Mortar LLC v Momo Sushi Inc., 79 Misc 3d 1239[A], 2023 NY Slip Op 50838[U] [Sup Ct, Kings County 2023] [submission of referenced electronically-filed documents as exhibits to motion papers]; Stipa Sprecase v Tenreiro, 2023 WL 3972435 [Sup Ct, NY County 2023] [motions to reargue or renew be made by order to show cause]; Latorre v Rahman, 2022 NY Slip Op 32044[U] [Sup Ct, NY County 2022] [no motions allowed until conference is held]; Bedingfield v Dairymade Farms, Inc., 46 Misc 2d 146, 148 [Sup Ct, Suffolk County 1965] [rule requiring statement of readiness be filed with note of issue "is consistent with the inherent power of the Court to control its business"]; Scully v Jefferson Truck Renting Corp., 43 Misc 2d 48 [Sup Ct, Kings County 1964] [statement of readiness be filed with note of issue]; cf. Crawford v Liz Claiborne, Inc., 11 NY3d 810 [2008] [IAS Part rule not in effect when preliminary conference order issued, resulting in application of Local Rules]). "[I]t is within the court's inherent and statutory power to control the order of its business, and to so conduct its business as to safeguard the rights of all litigants, to preclude unfair procedural advantage to any party, and to prevent needless disruption of orderly court procedures" (Maddaud v Bowman, 12 AD2d 626, 626 [2d Dept 1960]).
The Court elects to enforce the above two provisions of its Rules which are of significant importance in the context of a motion for a default against a nonappearing or self-represented defendant. In light of moving Plaintiff's failure to comply with these provisions as well as to clearly prove how service of the motion papers was effectuated, the Court will not enter a default [*5]judgment against Defendants.
The Court notes that this was the second attempt by Plaintiff to move for leave to enter a default judgment. Continuous, successive, but deficient motions for leave to enter a default judgment consume valuable court time. At a certain point in time, claims must repose. In the case at bar, the Court will allow another opportunity to Plaintiff to move for leave to enter a default judgment. However, there must be compliance with all requirements of law and this Court's Rules. Further, the Court charges Plaintiff with the responsibility of serving a copy of this decision and order on Defendants via the modalities of service provided for in the above-quoted Rules provisions.
Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for a default judgment is DENIED without prejudice to renew one more time, and that Plaintiff shall serve a copy of this decision and order on Defendants in accordance with IAS Part 2 rules.
E N T E R
HON. AARON D. MASLOW
Justice of the Supreme Court of the State of New York

Footnotes

Footnote 1:The Court calls attention to the provisions requiring that an opinion or decision be included in the record on appeal should an appeal be taken (see CPLR 5526; 22 NYCRR 1250.7 [b] [4], [d] [1] [iii]). Transcripts may be procured from the court reporter (see Matter of Lewandowski v Office of Ct. Admin., 173 Misc 2d 335 [Sup Ct, Albany County 1997]).

Footnote 2:Spelling of "Jr" without a period derives from the complaint.

Footnote 3:"[P]riority mail, certified and return receipt requested" appears to convey that there was one mailing — by priority mail, which was sent "certified" and with a return receipt requested. There is no certification of priority mail. However, one can obtain a certificate of mailing for priority mail.

Footnote 4:The purpose underlying the mandate to include a copy of the Part Rules is that the recipient of the motion papers should be informed as to IAS Part 2's standards for any responsive papers and to apprise him of logistical details governing appearances at motion calendars and how to communicate with the Part if necessary.

Footnote 5:In fact, NYSCEF still lists Attorney Rago as the efiling contact for Defendants despite her having been relieved from representing them. She should remove herself from this listing.