Singh v Shaked (2026 NY Slip Op 50024(U))

[*1]

Singh v Shaked

2026 NY Slip Op 50024(U)

Decided on January 9, 2026

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 9, 2026
Supreme Court, Kings County

Rickford Samuel Singh, Plaintiff,

againstDan Shaked, Defendant.

Index No. 535083/2022

Aaron D. Maslow, J.

The following numbered papers were used on this motion: NYSCEF Document Numbers 46-52, 61-68.
Upon the foregoing papers and having heard oral argument,
It is hereby ORDERED as follows:
Plaintiff's motion seeking leave to renew its prior motion for summary judgment in this action for personal injuries allegedly resulting from a March 19, 2022 motor vehicle accident is DENIED. The Court previously denied summary judgment to Plaintiff on liability, according to Plaintiff's affirmation in support.
Defendant argued to the Court that Plaintiff's papers on the instant motion refer to documents which are not attached as exhibits, in contravention to IAS Part 2 Rules, Part II, Subpart B, § 19, which requires that previous electronically-filed documents be submitted as exhibits on the motion; one cannot incorporate by reference. Also, motions to renew must include various attachments, including a complete set of the original documents and the original order; as they were not included on this motion by Plaintiff, the rule was not complied with (see IAS Part 2 Rules, Part II, Subpart B, § 25). Defendant is correct.
IAS Part 2's Rules were created to provide for the orderly, methodical, and efficient preparation by the Court of upcoming motions (see Castaneda v Serrano, 83 Misc 3d 1265(A), 2024 NY Slip Op 51036(U) [Sup Ct, Kings County 2024]; Thompson v Doe, 83 Misc 3d 1246[A], 2024 NY Slip Op 50930[U] [Sup Ct, Kings County 2024]; Brick&Mortar LLC v Momo Sushi Inc.; 79 Misc 3d 1239(A), 2023 NY Slip Op 50838(U) [Sup Ct, Kings County 2023]). Noncompliance with the cited rules places an added burden on the Court when it is presented with a motion for leave to renew. With there being so many motions presented to the Court, and [*2]the Court needing to review all of them, every bit of assistance from the parties in making it convenient helps facilitate matters. The Court should be able to review from beginning to end the motion papers, all inclusive, especially since the NYSCEF document-filing platform contains a feature, "Show Motion Folders," where one can read all documents filed in connection with a specific motion without there being intervening, unrelated documents. This is a useful tool and a party should not frustrate the Court's ability to take advantage of this feature.
It is not difficult to include the previous order and papers reviewed. They can be easily uploaded as exhibits following the notice of motion and supporting affirmation. Plaintiff's argument that compliance with the Rules "prioritizes form over substance" and that Plaintiff's contentions regarding noncompliance "should be rejected" is misplaced (NYSCEF Doc No. 67 ¶ 4). It evinces a disregard for an IAS Part's attempt to streamline its review of motions in a coherent fashion.
A trial court possesses the right to enforce the rules governing practice and procedure before it (e.g Wells Fargo Bank N.A. v Kahan, 239 AD3d 691 [2d Dept 2025] [plaintiff in foreclosure action to file motion for judgment of foreclosure within one year of entry of order of reference]; Anuchina v Marine Transp. Logistics, Inc., 216 AD3d 1126 [2d Dept 2023] [motion relating to disclosure must be accompanied by moving counsel's affirmation attesting to having conferred with opposing counsel in good faith effort to resolve issues]; McGee v Putnam County Assistant Dist. Attorney David M. Bishop, 192 AD3d 1446 [3d Dept 2021] [memorandum of law page limit]; Hornsby v Cathedral Parkway Apts. Corp., 179 AD3d 584 [1st Dept 2020] [affirmation page limit]; Basie v Wiggs, 173 AD3d 1127 [2d Dept 2019] [Matrimonial Part rules]; Appleyard v Tigges, 171 AD3d 534 [1st Dept 2019] [60-day summary judgment motion deadline]; Shah v RBC Capital Mkts. LLC, 115 AD3d 444 [1st Dept 2014] [all outstanding discovery matters to be raised at compliance conferences]; Biscone v Jetblue Airways Corp., 103 AD3d 158 [2d Dept 2012] [provide working copies of electronically-filed documents]; Maddaus v Bowman, 12 AD2d 626 [2d Dept 1960] [Statement of Readiness Rule requiring plaintiff to furnish authorization to obtain hospital records]; Shmerelzon v Gravesend Mgt., Inc., 80 Misc 3d 1233[A], 2023 NY Slip Op 51155[U] [Sup Ct, Kings County 2023] [adjournment requests must contain specified data and be submitted three days in advance]; Wade v Khadka, 80 Misc 3d 1222[A], 2023 NY Slip Op 51058[U] [Sup Ct, Kings County 2023] [identify party seeking adjournment and good cause reason]; Brick&Mortar LLC v Momo Sushi Inc., 79 Misc 3d 1239[A], 2023 NY Slip Op 50838[U] [Sup Ct, Kings County 2023] [submission of referenced electronically-filed documents as exhibits to motion papers]; Stipa Sprecase v Tenreiro, 2023 WL 3972435 [Sup Ct, NY County 2023] [motions to reargue or renew be made by order to show cause]; Latorre v Rahman, 2022 NY Slip Op 32044[U] [Sup Ct, NY County 2022] [no motions allowed until conference is held]; Bedingfield v Dairymade Farms, Inc., 46 Misc 2d 146, 148 [Sup Ct, Suffolk County 1965] [rule requiring statement of readiness be filed with note of issue "is consistent with the inherent power of the Court to control its business"]; Scully v Jefferson Truck Renting Corp., 43 Misc 2d 48 [Sup Ct, Kings County 1964] [statement of readiness be filed with note of issue]; cf. Crawford v Liz Claiborne, Inc., 11 NY3d 810 [2008] [IAS Part rule not in effect when preliminary conference order issued, resulting in application of Local Rules]). "[I]t is within the court's inherent and statutory power to control the order of its business, and to so conduct its business as to safeguard the rights of all litigants, to preclude unfair procedural advantage to any party, and to prevent needless disruption of orderly court procedures" (Maddaus v Bowman, 12 AD2d at 626).
Since Plaintiff failed to comply with IAS Part 2's Rules, as described herein, any consideration of the issue of liability is academic.
Leave to renew Plaintiff's previous summary judgment motion is denied.