OPINION OF THE COURT
 

 Per Curiam.
 

 Following an investigation and hearing, the State Commission on Judicial Conduct has determined that petitioner should be removed from the office of Justice of the Champlain Town Court in Clinton County. The disciplinary charges against him arose principally out of two incidents in which petitioner improperly jailed individuals for their purported failure to pay fines and restitution obligations that he had imposed. Because petitioner’s conduct in connection with these two incidents reflects a complete disregard for both his administrative duties and the most elementary principles governing criminal proceedings, we conclude that removal is the appropriate sanction.
 

 The first of the charges against him concerns petitioner’s handling of a case involving unauthorized use of a motor vehicle. The defendant in the case appeared on September 11,1989, entered a guilty plea and was fined. Additionally, petitioner required him to pay restitution to the vehicle’s owner for the damage he caused. However, petitioner neither gave the defendant a written record of the restitution obligation nor prepared a court record as required by UJCA 2019 and the Recordkeeping Requirements for Town and Village Courts (22 NYCRR 200.23). Further, although the defendant’s monetary obligations were satisfied through a series of installment payments, petitioner made no record of such payments and did not deposit the funds in his court account. Instead, he gave the restitution money directly to the vehicle owner and gave handwritten receipts to evidence the payments.
 

 When he was erroneously told in a 1993 out-of-court conversation that the vehicle owner had still not been paid,
 
 *319
 
 petitioner issued a warrant for the defendant’s arrest, citing his failure to appear for a previous fictitious court date. When the defendant appeared on the warrant, petitioner summarily sentenced him to jail for contempt, refusing to give him an opportunity to retain an attorney. Petitioner rejected efforts by the defendant’s family to demonstrate through receipts that the fine and restitution obligation had been paid, and he refused to release the defendant from jail when the defendant’s sister offered to pay the restitution a second time. Petitioner also ignored a subsequent letter from the defendant’s attorney demanding an evidentiary hearing. The defendant’s contempt conviction was ultimately vacated by a County Court Judge.
 

 The second incident involved a similar pattern of misconduct. An individual whom petitioner fined for speeding asserted that she was unable to pay, but petitioner neither offered her a hearing under CPL 420.10 (5) nor advised her of her right to apply for resentencing. Instead, he insisted that she pay. When the same individual appeared before petitioner on a charge of issuing a check with insufficient funds, petitioner directed her to pay restitution without ever taking a plea and thus, in fact, imposed sentence without defendant ever having been convicted. Additionally, he noted on his docket that the defendant was obliged to pay a $50 fine, but he never advised her of that penalty. Once again, despite the defendant’s assertions that she was unable to pay the required restitution, petitioner did not conduct a hearing on her ability to pay and did not suggest the alternative of applying for resentencing. In response to this defendant’s subsequent request for an attorney, petitioner told her that she had "waived” her right to counsel.
 

 As in the first incident, petitioner issued a bench warrant for this defendant’s arrest when he was told in an out-of-court conversation that she had regularly been drinking in bars. Once again, the bench warrant was predicated on the defendant’s purported failure to appear for a fictitious court date. Although the defendant appeared on the warrant and promised to make the required payment by the end of the week, petitioner jailed her and declined an offer of payment by her friends because it was "too late.” Thereafter, the defendant periodically made small payments until petitioner told her that she had paid everything that she owed. Although receipts for these payments were issued, there was nothing to indicate to which charge the money had been applied and no court records were made of any payments that were applied toward the defendant’s restitution obligation.
 

 
 *320
 
 More than a year and a half after her last payment had been made, the defendant received a letter from petitioner asserting that her speeding fine had still not been paid. When the defendant told petitioner that she was unable to pay any more, he suspended her license.
 

 Petitioner’s conduct in connection with the foregoing matters reflects a pervasive lack of regard for the most elementary procedural rules and the rights of the individuals who appeared before him. That petitioner repeatedly violated the recordkeeping and bookkeeping obligation of Judges is only one of the many egregious forms of misconduct that the evidence before the Commission proved. Significantly, petitioner’s careless approach to recording and collecting the defendants’ monetary obligations had serious practical consequences, for example, the unjust jailing of an individual for nonpayment of fines and restitution amounts that had, in fact, been paid.
 

 Moreover, petitioner conducted the two described cases with complete disregard for fundamental principles. He sentenced the defendants to jail for purported nonpayment of court-imposed penalties without considering their ability to pay
 
 (see, Bearden v Georgia,
 
 461 US 660, 672-673); he wrongly used his power of summary contempt
 
 (see,
 
 Judiciary Law § 751 [1]), thwarted the defendants’ attempts to exercise their right to counsel, sentenced an individual without a conviction ever having been obtained or recorded, and arbitrarily issued arrest warrants on the basis of casual ex parte, out-of-court discussions.
 

 Having sat on the Bench for 30 years and having been twice censured for inadequate recordkeeping practices, petitioner cannot now credibly plead ignorance of the impropriety of his conduct. Petitioner’s conduct indicates that he is not fit for judicial office and should be removed
 
 (see,
 
 Rules of Judicial Conduct [22 NYCRR] § 100.2 [a]; Code of Judicial Conduct Canon 2 [A]).
 

 Accordingly, the determined sanction of removal should be accepted, without costs, and petitioner removed from the office of Justice of the Champlain Town Court, Clinton County.
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith and Levine concur in Per Curiam opinion; Judge Ciparick taking no part.
 

 Determined sanction accepted, etc.