OPINION OF THE COURT
 

 Per Curiam.
 

 Petitioner, a Justice of the Chester Town Court, Warren County, was charged with violating the Rules of Judicial Conduct by presiding over cases involving his friends notwithstanding that he had been previously cautioned by the Commission on Judicial Conduct against presiding over such cases, and for confronting a woman, in the presence of her employer, after she had sent a letter to the editor of the local newspaper containing statements critical of petitioner. A hearing was held before a Referee designated by the Commission, and petitioner and several other witnesses testified. The Referee found that the factual allegations of the charges were sustained. The Commission’s majority determination did not consider the prior letter of caution that petitioner had received from the Commission. Nonetheless, the Commission confirmed the other findings of the Referee and noted that petitioner had continued to hear a number of cases involving his personal friends §ven after he was aware the Commission was examining that conduct in this proceeding. A majority of the Commission determined that petitioner had engaged in misconduct warranting removal from office (two of the members of the majority would have considered the letter of caution from the Commission in the findings of fact in the determination); three members of the Commission dissented with respect to the sanction and voted that petitioner be censured.
 

 
 *747
 
 We conclude, after a full review of the record, that each of the charges is established. It was improper for petitioner to preside over cases involving his close friends
 
 (see, e.g., Matter of Murphy,
 
 82 NY2d 491, 495;
 
 Matter of Fabrizio,
 
 65 NY2d 275). We note that petitioner continues to fail to comprehend the serious nature of his conduct. Petitioner testified at the hearing that he intended to continue presiding over matters involving his friends, and suggested in his brief to this Court that the error in criticizing the letter-writer in front of her employer would have been ameliorated had he put the criticism in the form of a letter to her and her employer. The fact that the misconduct continued even after petitioner was on notice that the Commission considered his actions improper demonstrates that he is not fit for judicial office
 
 (see,
 
 Rules of Judicial Conduct [22 NYCRR] § 100.2 [a];
 
 Matter of Hamel,
 
 88 NY2d 317, 320) and that the sanction of removal is appropriate
 
 (Matter of Sims,
 
 61 NY2d 349, 356).
 

 Accordingly, the determined sanction of removal should be accepted, without costs.
 

 Chief Judge Kaye and Judges Titone, Bellacosa, Smith, Levine and Wesley concur in Per Curiam opinion; Judge Ciparick taking no part.
 

 Determined sanction accepted, without costs, and Honorable Ronald C. Robert removed from the office of Justice of the Chester Town Court, Warren County.