OPINION OF THE COURT
 

 Per Curiam.
 

 Petitioner, a Justice of the Glenville Town Court, Schenectady County, seeks review of a determination of the State Commission on Judicial Conduct sustaining one charge of misconduct and imposing the sanction of removal from office (see NY Const, art VI, § 22; Judiciary Law § 44). The charge alleges that after petitioner signed a search warrant authorizing investigators to search the premises of Capitaland Motors for environmental violations, he phoned the company’s attorney and informed him of the impending search.
 

 At an evidentiary hearing before a Referee, petitioner admitted that he told the attorney about the search warrant, but claimed that he did so because he was irritated by Capitaland’s behavior. Petitioner testified that he had recently helped Capitaland get a building permit and felt betrayed when he
 
 *450
 
 learned of Capitaland’s alleged violations. He stated that he called Capitaland’s attorney to express outrage at Capitaland’s behavior regarding the environmental laws, and not to compromise the investigation or tip off the attorney about the search.
 

 The Referee concluded that petitioner revealed to Capitaland’s attorney that he signed a search warrant and suggested that the attorney speak to his client right away. The Referee found that petitioner’s purpose in making the call was neither to foil the investigation nor out of his concern over any environmental law violations, but that petitioner phoned the attorney out of frustration at the behavior of a company he had helped. The Referee found petitioner guilty of violating several Rules Governing Judicial Conduct, notably 22 NYCRR 100.1 (high standard of conduct), 100.2 (A) (impropriety, appearance of impropriety, promoting confidence in integrity of judiciary), 100.3 (B) (6) (ex parte communication) and 100.3 (B) (10) (disclosing nonpublic information).
 

 The Commission agreed with the findings of guilt, terming petitioner’s actions “egregious misconduct that was inconsistent with the fair and proper administration of justice.” The Commission determined that even if petitioner did not phone the attorney to tip him off about the search warrant, but acted merely out of anger, petitioner’s conduct merited removal. We agree and therefore accept the Commission’s determination.
 

 Effective law enforcement and the fair administration of justice command that judges maintain strict confidentiality in connection with the issuance and execution of search warrants. Investigators and the public must have full confidence that judges will maintain secrecy in connection with those and other proceedings requiring confidentiality. By telling the target’s attorney of the impending search, petitioner committed a serious breach of trust. Judges are not free to violate that trust, whether motivated by sinister design or by anger.
 

 By informing the attorney of the search warrant, petitioner jeopardized the very legal system he was duty-bound to protect and administer. His conduct therefore goes beyond “simple careless inattention to the applicable ethical standards” and instead manifests an “utter disregard of the Canons of Judicial Ethics,” which warrants his removal
 
 (Matter of Steinberg,
 
 51 NY2d 74, 81,
 
 82 [1980]).
 

 Accordingly, the determined sanction of removal should be accepted, without costs.
 

 
 *451
 
 Chief Judge Kaye and Judges Smith, Ciparick, Wesley, Rosenblatt and Graffeo concur in per curiam opinion; Judge Levine taking no part.
 

 Determined sanction accepted, without costs.