■ VICKY R. GABAY, Respondent, v MOLLY BENDER, Individually and as Executrix of WILLIAM GOTTLIEB, Deceased, Appellant. [823 NYS2d 389]—

Orders, Supreme Court, New York County (Carol Edmead, J.), entered April 6 and June 2, 2006, which, in an action for partition and sale of a residential apartment building, inter alia, granted plaintiff's motion for the keys to individual apartments in the building, and denied defendant's motion for recusal, unanimously affirmed, with costs.

The issue of whether the Special Referee could properly consider plaintiff's right to the keys under the order of reference was rendered academic by plaintiff's submission of a formal motion to the court for the keys. That motion was properly granted. Any co-owner of real property has the right to enter upon the common estate and take possession of the whole thereof, subject only to the equal right of co-owners in interest with whose possession he or she may not interfere (*Jemzura v Jemzura*, 36 NY2d 496, 503 [1975]). Such right of access includes the right to allow invitees onto the property (*Race v Meyer*, 219 AD2d 67, 71 [1996]). We reject defendant's argument that to allow real estate brokers and prospective purchasers into the building, as plaintiff proposes, would be to subvert the interlocutory judgment directing a sale at public auction. Moreover, we note that on oral argument defendant's counsel conceded that defendant's predominant motivation for at least some of the conduct at issue was to influence downward the ultimate selling price of the property, as she intends to purchase plaintiff's share at the auction.

Nor does defendant show any agreement whatsoever limiting plaintiff's right of access, assuming its enforceability in the present context. The ex parte communications between the court and the Special Referee concerning the latter's authority to consider plaintiff's right to the keys is not a ground for recusal. "Absent a legal disqualification under Judiciary Law § 14, a Trial Judge is the sole arbiter of recusal. This discretionary decision is within the personal conscience of the court when the alleged appearance of impropriety arises from inappropriate awareness of 'nonjuridical data' " (*People v Moreno*, 70 NY2d 403, 405 [1987]). Concur—Buckley, P.J., Tom, Marlow, Nardelli and Williams, JJ.