[974 NE2d 658, 950 NYS2d 612]

In the Matter of LAFAYETTE D. YOUNG, JR., a Justice of the Macomb Town Court, St. Lawrence County, Petitioner. STATE COMMISSION ON JUDICIAL CONDUCT, Respondent.

Argued May 31, 2012; decided June 26, 2012

622

**POINTS OF COUNSEL**

*Lafayette D. Young, Jr.*, appellant pro se. Petitioner had a right to hear the cases due to the nonfamily relationship.

*Robert H. Tembeckjian*, Albany, *Edward Lindner, Mary C. Farrington* and *Thea Hoeth*, for respondent. Petitioner engaged in serious misconduct warranting his removal. (*Matter of LaBombard [State Commn. on Jud. Conduct]*, 11 NY3d 294; *Matter of Going*, 97 NY2d 121; *Matter of Robert*, 89 NY2d 745; *Matter of Murphy*, 82 NY2d 491; *Matter of Fabrizio*, 65 NY2d 275; *Matter of Wait*, 67 NY2d 15; *Matter of Tyler*, 75 NY2d 525; *Matter of Sims [State Commn. on Jud. Conduct]*, 61 NY2d 349; *Matter of Marshall*, 8 NY3d 741; *Matter of Assini*, 94 NY2d 26.)

**OPINION OF THE COURT**

Per Curiam.

Petitioner, a Justice of the Macomb Town Court, St. Lawrence County, commenced this proceeding to review a determination of the State Commission on Judicial Conduct that sustained six charges of misconduct against him and determined that he should be removed from office (*see* NY Const, art VI, § 22; Judiciary Law § 44). In seeking review, petitioner asserts that he lacked a familial relationship to the persons in the cases at issue and therefore had a "right to hear those cases." Upon our plenary review of the record, we conclude that removal is the appropriate sanction.

Petitioner, a nonlawyer, served as a Macomb Town Court Justice since January 2004. By formal complaint dated February 25, 2010, the Commission served him with seven charges. Charges I to VI of the complaint alleged that, regarding numerous cases involving his paramour's relatives, he failed to

disqualify himself, failed to disclose the relationship and engaged in ex parte communications.[1]

The Commission considered the record of the proceeding and concluded that petitioner violated numerous sections of the Rules Governing Judicial Conduct.[2] It sustained six of the seven charges, concluding that petitioner violated the cited sections of the Rules Governing Judicial Conduct when, presiding over cases involving his paramour's relatives, he failed to disqualify himself, failed to disclose the relationship and engaged in ex parte communications. The Commission determined that the appropriate sanction is removal.

Based on the evidence adduced at a hearing held on November 16 and 17, 2010 before a referee, the Commission found as follows. From 2005 to approximately October 2010, Robyne Petrie-Platt was petitioner's paramour, and they resided together. Petitioner grew up with members of his paramour's family. His sister was married to his paramour's brother. He officiated at her parents' marriage renewal and at a wedding of a Petrie family member. He socialized with her relatives and attended some family gatherings.

Each of the first six charges arose from petitioner's decision to preside over a case involving a person closely related to his paramour. Charge I involved a 2007 criminal charge against a defendant for unlawfully dealing with a child in the second degree, alleging that the defendant provided alcohol to his paramour's daughter who was under the age of 21. After an ex

---

**1.** Charge VII alleged that he engaged in improper political activity; it was dismissed.

**2.** The Commission concluded that petitioner violated the following sections among others. "A judge should participate in establishing, maintaining and enforcing high standards of conduct, and shall personally observe those standards so that the integrity and independence of the judiciary will be preserved" (22 NYCRR 100.1). "A judge shall respect and comply with the law and shall act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary" (22 NYCRR 100.2 [A]). "A judge shall not allow family, social, political or other relationships to influence the judge's judicial conduct or judgment" (22 NYCRR 100.2 [B]). "A judge shall not lend the prestige of judicial office to advance the private interests of the judge or others; nor shall a judge convey or permit others to convey the impression that they are in a special position to influence the judge" (22 NYCRR 100.2 [C]). "A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned" (22 NYCRR 100.3 [E] [1]). "A judge shall not initiate, permit, or consider *ex parte* communications, or consider other communications made to the judge outside the presence of the parties or their lawyers concerning a pending or impending proceeding" (22 NYCRR 100.3 [B] [6]).

parte request from his paramour, the petitioner issued an order of protection directing the defendant to stay away from Ms. Petrie-Platt's daughter. The defendant's attorney learned from his client of the petitioner's relationship with the complaining witness and, by letter, requested petitioner's recusal due to the relationship. In a telephone conversation, petitioner initially refused to disqualify himself. He later signed a certificate of disqualification after defense counsel informed petitioner that he would make a motion for recusal and file a complaint with the Commission.

In charge II, in 2005, Merton Petrie, Ms. Petrie-Platt's nephew and the son of petitioner's former brother-in-law, was arraigned on charges of criminal mischief in the third degree and making a false written statement in Rossie Town Court. The matter was transferred to the Macomb Town Court. Petitioner accepted Mr. Petrie's guilty plea to criminal mischief in the fourth degree in full satisfaction of both charges, as recommended by the District Attorney, and imposed a one-year conditional discharge, requiring him to perform 60 hours of community service and to pay restitution and a surcharge. Petitioner neither disqualified himself nor disclosed his relationships. In 2006, Mr. Petrie violated the terms of his conditional discharge by failing to complete the required community service. Petitioner executed a declaration of delinquency to resentence Mr. Petrie. Prior to resentencing, during a Petrie family gathering, petitioner discussed Mr. Petrie's case with members of the Petrie family. The family members advised petitioner to send Mr. Petrie to jail. Petitioner, during that weekend, informed Mr. Petrie that he would resentence him to jail for failing to complete community service. He also had other ex parte communications concerning that matter with Ms. Petrie-Platt's mother and sister. Mr. Petrie's attorney learned of the ex parte conversations and requested that petitioner recuse himself. He did not. In September 2006, after the St. Lawrence County Department of Probation recommended that Mr. Petrie receive three years of probation, petitioner resentenced Mr. Petrie to 45 days in jail and three years' probation for violating the terms of his conditional discharge. Mr. Petrie had two additional cases before petitioner in April 2007 and July 2008 where petitioner neither disqualified himself nor disclosed his relationship with the defendant's aunt and father.

Similarly, charge III involved a case before petitioner in which Sandra Petrie, Ms. Petrie-Platt's mother, was the complaining

witness. There, the defendant, Sandra Petrie's granddaughter by marriage, was charged with petit larceny for allegedly using the telephone of Sandra Petrie to make long-distance phone calls without her permission and consent. Petitioner issued a temporary order of protection in Sandra Petrie's favor. The District Attorney was unaware of the family relationships among the parties and petitioner. Petitioner discussed the case ex parte with his paramour and her sister. Petitioner neither disqualified himself nor disclosed his relationships with the complaining witness and her daughter.

As to charge IV, James R. Petrie, Jr., a nephew of Ms. Petrie-Platt, was charged with criminal mischief in the third degree, among other charges. Petitioner dismissed the charge of criminal mischief in the third degree for facial insufficiency at the request of Mr. Petrie's attorney and without notice to or consent of the prosecution. Petitioner neither disqualified himself nor disclosed his relationship to the defendant's aunt. In charge V, in 2007, petitioner dismissed, without notice to or the consent of the prosecution, a charge for failure to wear a helmet on an ATV against Scott Parker, another nephew of Ms. Petrie-Platt. Petitioner neither disqualified himself nor disclosed his relationship to the defendant's aunt. In charge VI, Justin R. Petrie, another nephew of petitioner's paramour was before petitioner for the unsafe backing in violation of section 1211 (a) of the Vehicle and Traffic Law. Petitioner dismissed the charge despite a negotiated plea between the defendant and the District Attorney's office. Petitioner neither disqualified himself nor disclosed his relationship with the defendant's aunt.

Petitioner contends that he did not violate any Rules Governing Judicial Conduct because he presided over cases involving persons of no familial relation to him by marriage. We conclude, after a full record, that each of the charges is established.

Rules Governing Judicial Conduct (22 NYCRR) § 100.3 (E) (1) clearly states, "A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned." Additionally, "[a] judge shall not initiate, permit, or consider *ex parte* communications, or consider other communications made to the judge outside the presence of the parties or their lawyers concerning a pending or impending proceeding" (22 NYCRR 100.3 [B] [6]). A judge has "a duty to conduct himself in such a manner as to inspire public confidence in the integrity, fair-mindedness and impartiality of the judiciary" (*Matter of Esworthy*, 77 NY2d 280, 282 [1991]).

Petitioner engaged in serious misconduct when he presided over matters involving persons with whom he and his paramour had close relationships (*see Matter of LaBombard [State Commn. on Jud. Conduct]*, 11 NY3d 294 [2008]; *Matter of Robert*, 89 NY2d 745 [1997]; *Matter of Fabrizio*, 65 NY2d 275 [1985]). In all cases, but one, petitioner neither disqualified himself nor disclosed his relationship to the defendant or complaining witness. Additionally, in many of the cases at issue, petitioner's conduct gave the appearance of favoritism towards the Petrie family defendant or complaining witness. Moreover, the ex parte communications further exacerbated petitioner's improper conduct as they highlight his close relationships to the Petrie family and his partiality towards them. Such conduct demonstrates a misuse of his judicial office and damages public confidence in his integrity and impartiality.

Accordingly, the determined sanction of removal should be accepted, without costs.

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur in per curiam opinion.

Determined sanction accepted, without costs, and Lafayette D. Young, Jr. removed from the office of Justice of the Macomb Town Court, St. Lawrence County.