Criollo v 719 Henry, LLC (2024 NY Slip Op 51398(U))

[*1]

Criollo v 719 Henry, LLC

2024 NY Slip Op 51398(U)

Decided on October 11, 2024

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on October 11, 2024
Supreme Court, Kings County

Juan Criollo, Plaintiff,

against
719 Henry, LLC, Defendant.

Index No. 518400/2019

Gorayeb & Associates, P.C., New York City (John M. Shaw of counsel), for plaintiff (opposition papers not submitted).
Manning Gross + Massenburg LLP, New York City (Timothy Bishop of counsel), for defendant.

Aaron D. Maslow, J.

I. Background
This decision and order is triggered by someone at Defendant's counsel, Manning Gross & Massenberg LLP, having contacted the Chambers of this Court on Wednesday, October 2, 2024. While preparing for the Rosh Hashanah religious holiday, this Court was advised by phone by its newly appointed law clerk, Nikki Stamile, that someone from Defendant's law firm called Chambers around 4:30 p.m. The caller stated that there was some confusion with her attorney about appearances and thus they were not present for their oral argument on September 20 on their motion to reargue a prior summary judgment motion, the matter was marked off, and her attorney wanted to know what their next steps should be in regard to their motion to reargue.
Ms. Stamile was confused that an ex parte solicitation for advice was being sought of chambers, which is why she immediately emailed the Court. This Court commends Ms. Stamile for immediately informing it of the improper contact — despite the fact that the Court was out of the Courthouse preparing for the religious holiday. One can see that Ms. Stamile took seriously the ethical principles of the legal profession taught in law school.
Following the Court's discussion of the matter with Ms. Stamile, she sent an email — not an ex parte one, but to all counsel registered for correspondence on NYSCEF. Sent at 5:01 p.m., on that same date, October 2, 2024, it stated as follows:
Good evening,
This email is in reference to the above captioned matter, pursuant to a phone conversation initiated by the Defendants this afternoon. Note that neither chambers staff, nor the Part Clerk may advise a party on how to proceed with their case. Pursuant to Justice Maslow's Part Rules, Part I, Sec. 5, court staff is not permitted to provide advice to anyone. The relevant section is excerpted below:
§ 5. Advice; improper questions. Never seek advice from IAS Part 2. Neither the Part Clerk nor chambers are permitted to provide advice to anyone. Moreover, chambers may not provide answers to the following questions or similar ones, because either the information sought is available elsewhere, . . . or it calls for the provision of advice:
1. "How should I proceed since I missed the calendar call and my motion was marked off?"
Please be informed that seeking guidance on a matter where your position is adverse to the other side poses a serious question as to an improper ex parte communication with the Court.
Regards,
Nikki Stamile
Principal Law Clerk to Hon. Aaron D. Maslow
Justice, NYS Supreme Court, Kings County, Civil Term
. . .
II. Underlying Motion & It's Sequelae
To digress, the Court notes that Defendant's summary judgment motion in the within Labor Law personal injury action (Motion Sequence No. 6) was granted in part and denied in part on August 2, 2024; Plaintiff's cross-motion (Motion Sequence No. 7) was denied. The operative order stated in pertinent part:
The motion by defendant, 719 Henry, LLC, Motion Seq. #6 seeking dismissal of plaintiff's complaint is granted to the extent that plaintiff's Labor Law Section 241 (6) claim is dismissed. The motion is otherwise denied as to Labor Law Section 200 / common law negligence.
Cross Motion by plaintiff, Motion Seq. #7 for partial summary judgment is denied in its entirety. (NYSCEF Doc No. 174.)
The order referenced "a decision having been rendered on the record in open court" (id.).
On September 5, 2024, Defendant filed a motion for reargument of its summary judgment motion. Said motion to reargue was assigned Motion Sequence No. 8. Although the notice of motion designated a return date of September 19, 2024, it was calendared by the internal court scheduling process for November 15, 2024. Defendant's counsel wrote the Court [*2]on September 11, 2024, seeking "a new return date before trial" (NYSCEF Doc No. 183), the trial being scheduled for October 16, 2024. On September 18, 2024, the Court directed that the motion would be heard on September 20, 2024 (see NYSCEF Doc No. 185). The Court's Part Clerk scheduled the motion as an add-on at the end of the calendar.
September 20, 2024 was a long day for the Court. As the Court recalls, the motion calendar consumed the entire day because many motions were on for argument. Late in the afternoon, Defendant's motion to reargue was called. Plaintiff's counsel was present but Defendant's was not. Ergo, the motion was marked off the calendar.
III. Saga Continued
In response to Ms. Stamile's email of October 2, 2024, 5:01 p.m., Plaintiff's counsel wrote at 5:36 p.m. on October 2, that he was "perplexed by defense counsel's efforts to undertake such a communication," referring to Defendant's law firm's ex parte call to Chambers for advice:
Dear Ms. Stamile:
I represent the plaintiff.
I appreciate the heads up email.
We take ex parte communications very seriously and are perplexed by defense counsel's efforts to undertake such a communication.
Regards,
John Shaw
Later, on October 2, 2024, at 6:28 p.m., Defendant's counsel re-filed the motion to reargue, the notice of motion seeking "an Order of Judgment granting Defendant's motion to reargue its summary judgment motion to the extent that it denied, pursuant to CPLR §2221, and for any further relief as this Court deems just, equitable, and proper" (NYSCEF Doc No. 196). The motion was made returnable by Defendant's counsel for October 10, 2024. Answering affidavits were to be served at least seven days prior to the return date (see id.). The motion was assigned Motion Sequence No. 9. The Motion Support office calendared it for December 6, 2024.
On October 3, 2024 (11:34 a.m.), which happened to be the first day of Rosh Hashanah — the Court was not conducting business — Defendant's counsel wrote the Court:
Dear Judge Maslow,
Defendant, 719 Henry, LLC, refiled their Motion for Leave to Reargue on October 3, 2024 (Motion #9).[[FN1]
]
We respectfully request that the Motion for Leave to Reargue be heard before the upcoming trial, which is currently scheduled for October 16, 2024.
Thank you for your kind attention to this matter.
Respectfully submitted,
/s/
Timothy Bishop, Esq. (NYSCEF Doc No. 203.)
Later, on October 3, 2024, at 3:33 p.m., Plaintiff's counsel emailed the Court and Defendant's counsel, expressing his frustration:
Dear Ms. Stamile:
I represent the plaintiff.
This is in response to counsel's untenable and outrageous request to have his motion heard before 10-16-24; he just served this last night!
That is the Chutzpah of all Chutzpahs.
He previously served the other motion to reargue, which was marked off. The Court accommodated him and moved back the date from November 15, 2024 to September 20, 2024
I had 2 days notice to put in opposition.
On that day 9-20-24, I was at the Court from 10 am till almost 330 until the case was called; counsel was a NO SHOW. He was aware of it since Justice Maslow emailed via letter the date for oral argument.
I wasted my whole day due to counsel's blatant cavalier unprofessional attitude. Unlike counsel, I cannot bill my client.
This is not the first time counsel failed to show up before this Court. Because counsel failed to show up with regard to the original motion for summary judgment (I believe in April 2023), this Court marked the motion off; My office appeared that day; because of defense counsel's disregard of this Court and it's rules, counsel wasted my time and this Court's time. Further court time and motion practice was needed to address the summary judgment motion
I can provide the date.
Now, yesterday counsel attempted to engage in a sanctionable and unethical ex parte communication, which this Court clearly did not take lightly.
I will be moving for sanctions and costs!!
Enough is enough!
I absolutely oppose the motion to be heard. Moreover, I am not available in October and the first 2 weeks of November.
Counsel should not be given special accommodation, His disregard for the Court, the Judge's rules and fellow counsel is unconscionable Regards,
John Shaw
Defendant's counsel responded in an email on October 4, 2024, at 7:57 a.m.:
Ms. Stamile,
By way of background, the original Motion to Reargue was filed on September 5, and the return date was noticed for September 19. It is therefore untrue that plaintiff had only two days' notice to oppose that motion. After the original Motion to Reargue was filed, the court bumped the return date back to mid-November. Our office wrote a letter to the court noting that this return date would be after trial had concluded, and the court then [*3]moved the return date back to the original September 19 date.[[FN2]
] Our office did not appear at that hearing due to an honest scheduling mistake / office error. Moreover, plaintiff's counsel did not contact our office on the date of the appearance.
When the motion was marked off the calendar, we re-filed on October 2 and properly noticed the motion for October 10 in accordance with CPLR and court rules. See CPLR Rule 2214(b) ("A notice of motion and supporting affidavits shall be served at least eight days before the time at which the motion is noticed to be heard."). We make no request for "special accommodation" as the motion was filed and properly noticed per the CPLR.
Plaintiff's counsel opposes hearing the motion on the October 10 return date because he is unavailable all of October through the first two weeks of November, but that is unpersuasive as trial is scheduled for October 16.
Regarding the accusation that we "attempted to engage in a sanctionable and unethical ex parte communication," that is false. The court was responding to a mistaken inquiry from a paralegal in our office of which counsel was unaware.
We thus respectfully request that the court hear the motion on the October 10 return date noticed in the motion. The current return date of December 6 would come well after the conclusion of trial that is scheduled to begin on October 16.
Tim Bishop
To complete the recital of the saga of back-and-forth correspondence, the Court notes Plaintiff's counsel's reply of October 4, 2024, at 11:06 a.m.:
Dear Ms. Stamile:
I had to respond to counsel's last email. I will not respond to any further ones. Also, unlike defense counsel I cannot bill a client [nor would I].
Conspicuous by his absence is even a feigned attempt at an apology/contrition on the part of counsel for his grossly discourteous actions. When all else fails BLAME IT ON THE PARALEGAL. It is astounding that he can feel he can dictate to this Court a DATE [8 DAYS AFTER A MOTION WAS JUST FILED BEFORE MIDNIGHT AND RETURNABLE DURING THE JEWISH HOLIDAYS], notwithstanding his firm's egregious flouting of this Court's copiously written PART RULES and his "not a care in the world" re this Court and plaintiff's counsel's valuable time.
Counsel fails to mention that this is the SECOND TIME that defense counsel FAILED TO APPEAR ON A MOTION BEFORE THIS COURT. On May 12, 2023 defendant's counsel FAILED TO APPEAR as to defendant's motion for summary judgment and plaintiff's cross motion. Plaintiff appeared. This Court marked the motion off due to DEFENDANT-MOVANT's non-appearance. Thereafter, the motion was restored[at the Court's discretion] in April 2024, approximately one year after DEFENDANT'S DEFAULT.
There is nothing new nor unique about the denial of a summary judgment motion; the Court will not stay an action even if there was a pending motion. Counsel can take it up [*4]on 10-16-24 re this trial "issue" with the JCP judge [Justice Fisher]. Actually, Justice Fisher already spoke re this EXPEDITED RETURN DATE. On October 3 [after 1130 PM-JUST BEFORE MIDNIGHT] defense counsel's colleague attempted to sneak in another 8 DAY RETURN DATE MOTION-returnable for 10-11-24. This involved some frivolous discovery matter, unrelated to this Court's summary judgment decision. Counsel requested "preclusion" and "vacatur" of the Note of Issue. JUSTICE FISHER JUST SCHEDULED THIS MOTION FOR JANUARY 9, 2025 in JCP.
This case has been habitually delayed due to defendant's continual abuse of the Court's Rules and NO SHOWS. The Note of Issue was filed in February 2022. Although my office [unlike defense counsel] is very considerate of the Court and our adversary [and always gives multiple courtesies], Enough is Enough.
Moreover, defense counsel fails to even have an iota of consideration that there are several major Jewish Holidays, including a nameless one, next week. He can Google it.
Regards,
John Shaw
The Court observes the continued frustration on the part of Plaintiff's counsel, as evidenced by his repeated use of capital letters and sarcasm in referring to defense counsel's billing.
IV. Court's Determination
A. Ex Parte Communication
The Court first assesses the conduct of the law firm representing Defendant. The Court, in office for nearly two years, carefully crafted a set of Part Rules designed to conduct the judicial process in a fair, ethical, and orderly fashion. Faced at the outset of assuming office with numerous calls into Chambers from law firms seeking guidance as to how to proceed in various situations, the Court adopted a policy that contact must be limited to avoid improper ex parte communications. Toward that end, scheduling or logistical issues regarding appearances are to be raised with the Part Clerk by email (with copies to other parties), unless the matter is raised less than 24 hours prior to an appearance, in which instance the Part Clerk may be called. In no event are scheduling or logistical issues regarding appearances to be addressed to Chambers. (See IAS Part 2 Rules [FN3]
, Part I, §§ 2, 7.)
As for advice, it is never to be sought from the Court. "Neither the Part Clerk nor chambers are permitted to provide advice to anyone" (id. § 5). In fact, because "either the information sought is available elsewhere, such as in these Rules, on e-courts, or in the CPLR or 22 NYCRR Part 202, or it calls for the provision of advice" (id.), certain enumerated questions may never be posed to Part 2, including, "How should I proceed since I missed the calendar call and my motion was marked off?" (id.). That was the nature of the question posed to the Court's law clerk on October 2, 2024. Clearly, the Part Rules were not consulted prior to that telephone [*5]call being made.
The seriousness with how ex parte communications are treated is conveyed in the New York court system's administrative rules:
A judge shall not initiate, permit, or consider other communications made to the judge outside the presence of the parties or their lawyers concerning a pending or impending proceeding, except:
(a) Ex parte communications that are made for scheduling or administrative purposes and that do not affect a substantial right of any party are authorized, provided the judge reasonably believes that no party will gain a procedural or tactical advantage as a result of the ex parte communication, and the judge, insofar as practical and appropriate, makes provision for prompt notification of other parties or their lawyers of the substance of the ex parte communication and allows an opportunity to respond. (b) A judge may obtain the advice of a disinterested expert on the law applicable to a proceeding before the judge if the judge gives notice to the parties of the person consulted and a copy of such advice if the advice is given in writing and the substance of the advice if it is given orally, and affords the parties reasonable opportunity to respond.
(c) A judge may consult with court personnel whose function is to aid the judge in carrying out the judge's adjudicative responsibilities or with other judges.
(d) A judge, with the consent of the parties, may confer separately with the parties and their lawyers on agreed-upon matters.
(e) A judge may initiate or consider any ex parte communications when authorized by law to do so. (Rules Governing Jud Conduct [22 NYCRR] § 100.3 [B] [6].)
Moreover, "A judge shall require staff, court officials and others subject to the judge's direction and control to observe the standards of fidelity and diligence that apply to the judge. . . ." (id. 100.3 [C] [2]). As applied to the situation at bar, this means that a judge's law clerk may not permit, or consider ex parte communications unless an exception applies. While there is an exception for scheduling or administrative purposes, the Court does not deem a request for advice on how to proceed following a motion being marked off to lie within the exception's ambit. A violation by a judge of the proscription against engaging in ex parte communications may lead to the disciplinary sanction of removal (see Matter of George, 22 NY3d 323 [2013]; Matter of Young, 19 NY3d 621 [2012]; Matter of Gibbons, 98 NY2d 448 [2002]; Matter of VonderHeide, 72 NY2d 658 [1988]; Matter of Reeves, 63 NY2d 105 [1984]) or censure (see Matter of Filipowicz, 54 AD2d 348 [2d Dept 1976]).
In some instances, where there has been a question of an ex parte communication, courts have been asked to recuse themselves (see Matter of Jose V., 214 AD3d 523 [1st Dept 2023]; Abe v New York Univ., 2016 WL 1594069 [Sup Ct, NY County 2016]; Gabay v Bender, 2006 NY Slip Op 30535 [Sup Ct, NY County], affd 34 AD3d 207 [1st Dept 2006]).
On the attorney's end,
(a) A lawyer shall not:
. . .
(2) in an adversarial proceeding communicate or cause another person to do so on the lawyer's behalf, as to the merits of the matter with a judge or official of a tribunal or an [*6]employee thereof before whom the matter is pending, except:
(i) in the course of official proceedings in the matter;
(ii) in writing, if the lawyer promptly delivers a copy of the writing to counsel for other parties and to a party who is not represented by a lawyer;
(iii) orally, upon adequate notice to counsel for the other parties and to any party who is not represented by a lawyer; or
(iv) as otherwise authorized by law, or by Part 100 of the Rules of the Chief Administrator of the Courts[.] (Rules of Prof Conduct [22 NYCRR 1200.0] rule 3.5 [a] [2].)
A violation of this ethical rule is sanctionable (see Matter of Steinberg, 167 AD3d 206 [1st Dept 2018]
This Court recently discussed ex parte communications between a party and court staff:
One of the foremost principles constraining an attorney during litigation, is that communications to the Court and staff not be utilized to gain an advantage. "These rules are in effect to avoid prejudice to one side because the other has 'the ear of the Court' " (People v Lester, 2002 NY Slip Op 40063[U] [Vill Ct, Nassau County 2002]). That is the underlying reason for proscriptions against making ex parte contact with the Court.
As for staff, it is recognized that one-sided law firm communications cannot be avoided if contact is necessary regarding appearances, adjournments, and other procedural details. For example, if an attorney is running behind schedule in an appearance before another judge, she will need to notify the Part Clerk of such by phone in order to avoid having her motion marked off the calendar.[ ] Another instance might be if an adjournment request was submitted and counsel has not received a response as of the day before the required appearance.[ ] However, once a matter is sub judice (being considered by the court), it behooves an attorney, and likewise a pro se litigant, to exercise restraint and wait for the outcome to be determined by the Court. (Connolly v Nina, 83 Misc 3d 1266[A], 2024 NY Slip Op 51045[U], *1-2 [Sup Ct, Kings County 2024].)
In Connolly, the communications came from pro se parties. In the instant situation, Defendant's law firm did not engage Plaintiff's law firm to be on the line when the October 2, 2024 call to Chambers was initiated. Hence the communication was undertaken in an ex parte manner and the caller should have known better; if the caller was not an attorney it displays insufficient supervision by the attorneys. It would even more egregious if the caller was instructed by an attorney to contact Chambers. The communication did not concern an administrative or scheduling matter but rather how to achieve Defendant's goal of having the Court reconsider a summary judgment determination. This was quite serious as providing the advice could have led ultimately to dismissal of remaining causes of action in Plaintiff's complaint were Defendant to have successfully argued its position.
"A judge who receives information indicating a substantial likelihood that a lawyer has committed a substantial violation of the Rules of Professional Conduct (22 NYCRR Part 1200) shall take appropriate action" (22 NYCRR 100.3 [D] [2]). In the instant situation, this Court believes that appropriate action has been taken (a) by pointing out the serious potential consequences of an ex parte communication seeking advice from Chambers and by herein [*7]chastising Defendant's law firm, and (b) by disclosing to Plaintiff's counsel what transpired, both through Ms. Stamile's practically contemporaneous email and within this decision.
Finally, the Court determines that its rule prohibiting improper ex parte communications and prohibition of inquiries in the nature of "How should I proceed since I missed the calendar call and my motion was marked off?" is valid and enforceable.[FN4]
A trial court possesses the right to enforce the rules governing practice and procedure before it (e.g. Anuchina v Marine Transp. Logistics, Inc., 216 AD3d 1126 [2d Dept 2023] [motion relating to disclosure must be accompanied by moving counsel's affirmation attesting to having conferred with opposing counsel in good faith effort to resolve issues]; McGee v Putnam County Assistant Dist. Attorney David M. Bishop, 192 AD3d 1446 [3d Dept 2021] [memorandum of law page limit]; Hornsby v Cathedral Parkway Apts. Corp., 179 AD3d 584 [1st Dept 2020] [affirmation page limit]; Basie v Wiggs, 173 AD3d 1127 [2d Dept 2019] [Matrimonial Part rules]; Appleyard v Tigges, 171 AD3d 534 [1st Dept 2019] [60-day summary judgment motion deadline]; Shah v RBC Capital Mkts. LLC, 115 AD3d 444 [1st Dept 2014] [all outstanding discovery matters to be raised at compliance conferences]; Biscone v Jetblue Airways Corp., 103 AD3d 158 [2d Dept 2012] [provide working copies of electronically-filed documents]; Maddus v Bowman, 12 AD2d 626 [2d Dept 1960] [Statement of Readiness Rule requiring plaintiff to furnish authorization to obtain hospital records]; Shmerelzon v Gravesend Mgt., Inc., 80 Misc 3d 1233[A], 2023 NY Slip Op 51155[U] [Sup Ct, Kings County 2023] [adjournment requests must contain specified data and be submitted three days in advance]; Wade v Khadka, 80 Misc 3d 1222[A], 2023 NY Slip Op 51058[U] [Sup Ct, Kings County 2023] [identify party seeking adjournment and good cause reason]; Brick&Mortar LLC v Momo Sushi Inc., 79 Misc 3d 1239[A], 2023 NY Slip Op 50838[U] [Sup Ct, Kings County 2023] [submission of referenced electronically-filed documents as exhibits to motion papers]; Stipa Sprecase v Tenreiro, 2023 WL 3972435 [Sup Ct, NY County 2023] [motions to reargue or renew be made by order to show cause]; Latorre v Rahman, 2022 NY Slip Op 32044[U] [Sup Ct, NY County 2022] [no motions allowed until conference is held]; Bedingfield v Dairymade Farms, Inc., 46 Misc 2d 146, 148 [Sup Ct, Suffolk County 1965] [rule requiring statement of readiness be filed with note of issue "is consistent with the inherent power of the Court to control its business"]; Scully v Jefferson Truck Renting Corp., 43 Misc 2d 48 [Sup Ct, Kings County 1964] [statement of readiness be filed with note of issue]; cf. Crawford v Liz Claiborne, Inc., 11 NY3d 810 [2008] [IAS Part rule not in effect when preliminary conference order issued, resulting in application of Local Rules]). "[I]t is within the court's inherent and statutory power to control the order of its business, and to so conduct its business as to safeguard the rights of all litigants, to preclude unfair procedural advantage to any party, and to prevent needless disruption of orderly court procedures" (Maddaud v Bowman, 12 AD2d 626, 626 [2d Dept 1960]).
B. Motion to Reargue
As related above, Defendant is concerned that its motion to reargue its previous summary [*8]judgment motion which resulted in the August 2, 2024 order granting it in part and denying it in part is scheduled for December 6, 2024, well past the October 16, 2024 start date for the trial.
The Court has reviewed the papers submitted on the motion to reargue made returnable October 10, 2024, but calendared by the Motion Support office for December 6, designated Motion Sequence No. 9. Insofar as the Court is able to discern, the papers are an exact duplicate of those submitted by Defendant in support of Motion Sequence No. 8, which was the motion to reargue marked off the calendar on September 20, 2024 due to Defendant's failure to appear.
A party whose motion was marked off the calendar must apply to have it restored before it may be considered (see 195-197 Hewes, LLC v Citimortgage, Inc., 208 AD3d 826 [2d Dept 2022]; Hobbins v North Star Orthopedics, PLLC, 148 AD3d 784 [2d Dept 2017]).
While Motion Sequence No. 9 on its face seeks reargument, it is in effect an application to vacate Defendant's default in appearing on September 20, and then, if successful, to reargue the August 2 order. "It does not matter how a motion is titled by an attorney. What matters is what the motion actually is in substance (see Istomin v Istomin, 130 AD3d 575 [2015]; Estate of Malik v New York City Hous. Auth., 287 AD2d 435 [2001]; Onorato v Sangiovanni, 233 AD2d 427 [1996]; Nye v Dawes, 20 AD2d 680 [1964])." (Citibank, N.A. v Kerszko, 203 AD3d 42, 55 [2d Dept 2022].) Clearly, Plaintiff opposes Defendant's second motion to reargue, as related in his correspondence to the Court quoted above.
Since Defendant's papers in support of its second motion to reargue (Motion Sequence No. 9) are identical to those submitted in support of its first motion to reargue (Motion Sequence No. 8), there is nothing additional, i.e., an explanation for why Defendant failed to appear on September 20, 2024. This needed to be Defendant's motion papers. Nothing was included by Defendant in its October 3, 2024 letter to the Court asking for consideration of the second motion to reargue prior to October 16 (see NYSCEF Doc No. 203). This Court finds that to the extent Defendant proffered an excuse for the September 20, 2024 no-show in the October 4, 2024, 7:57 a.m. email, it is deficient: "Our office did not appear at that hearing due to an honest scheduling mistake / office error. Moreover, plaintiff's counsel did not contact our office on the date of the appearance." (Supra at 5.)
First, it was not Plaintiff's obligation to remind Defendant to show up. Second, it was Defendant who sought to have the motion advanced from November 15, 2024, and the Court accommodated Defendant by advancing it to September 20, 2024. NYSCEF Document No. 185 reflects. At the top right of Defendant's counsel's September 18, 2024 letter, the Court wrote: "Mot. Seq. 8 to be heard on 9/20/24. SO ORDERED." Hence, through NYSCEF, Defendant's counsel was advised to appear two days later. This could not have been an error in forgetting a date which scheduled a while back. Third, if one is going to claim law office failure, "the party seeking to vacate the default must provide detailed allegations of fact that explain the failure" (Crudele v Price, 218 AD3d 534, 535 [2d Dept 2023] [internal quotation marks and citations omitted]). Here, this Court rejects Defendant's proffered excuse of "an honest scheduling mistake / office error," essentially the same excuse of "a 'clerical error,' which resulted in 'the date being miscalendared,' " "since it was not supported by a 'detailed and credible explanation of the default' " (Deep v City of New York, 183 AD3d 586, 587 [2d Dept 2020]). "Here, the Supreme Court providently exercised its discretion in declining to accept the plaintiff's proffered excuse of law office failure. . . (id.).
Defendant was afforded an opportunity to present its arguments on September 20, 2024 as to why it believed the Court erred in its August 2 determination. On September 20, Plaintiff [*9]appeared. Nobody from Defendant appeared. Without an adequate explanation as to why, the Court is not inclined to engage in reconsideration of a matter that has been already determined.
Moreover, there is another reason why Defendant's second motion to reargue (Motion Sequence No. 9) should be denied. While Defendant claims that it was properly calendared for October 10, 2023 (on eight days' notice), the fact is it demanded that "answering affidavits, if any, are to be served upon the undersigned at least seven (7) days prior to the return date of this Motion pursuant to CPLR § 2214. . ." (NYSCEF Doc No. 196). Since such seven-day deadline was imposed, the motion had to be served at least 16 days in advance of the return date (see CPLR 2214 [b]). By imposing the seven-day pre-return date deadline, Defendant commanded Plaintiff to respond within one day: the motion was filed on October 2, 2024, and the seventh day prior to October 10, 2024 was October 3. This is manifestly unfair, in disregard of the CPLR's timing provisions, and warrants denial of the motion (see Mashantucket Pequot Gaming Enter. v Ping Lin, 31 Misc 3d 1218[A], 2011 NY Slip Op 50725[U] [Sup Ct, Kings County 2011]). "[Defendant] cannot give [Plaintiff] the minimum amount of time permitted to oppose the motion and demand opposition in advance" (Goldstein v Saltzman, 13 Misc 3d 1023, 1028 [Sup Ct, Nassau County 2006]). As has been held, [Defendant]'s motion for summary judgment pursuant to CPLR 3213 was properly denied for failure to provide sufficient time in the notice of motion for [Plaintiff] to respond" (National Bank of Canada v Skydell, 181 AD2d 645, 646 [1st Dept 1992]).
No purpose would be served by retaining the calendar date of December 6, 2024 for Defendant's second motion to reargue summary judgment (Motion Sequence No. 9), which in effect is a motion to restore its prior motion to reargue (Motion Sequence No. 8) to the calendar. The trial is scheduled to commence next week, on October 16, 2024. Defendant itself sought to have the motion (Motion Sequence No. 9) advanced. Therefore, the Court advances the motion to today, October 11, 2024, and, provides notice to the parties that the motion is being determined on submission. Hearing oral argument on motions is at a court's discretion (see 22 NYCRR 202.8-f). "All motions presumptively are to be argued in person unless the Court informs the parties at least two days in advance that it has made a sua sponte determination that a motion will be determined on submission" (IAS Part 2 Rules, Part II, Subpart C, § 6). The two-days notice is provided here since there are more than two days between today and the calendar date of December 6, 2024.
For the reasons set forth above (the failure to adequately explain why Defendant failed to appear on September 20, 2024, and the failure to notice the motion at least 16 days in advance of the return date in the notice of motion), Defendant's second motion to reargue (Motion Sequence No. 9), in effect a motion to restore its first motion to reargue (Motion Sequence No. 8) to the calendar, is DENIED, and no further motions to reargue shall be noticed by Defendant.
Accordingly, IT IS HEREBY ORDERED as follows:
1. All counsel shall comply in the future with the provisions of IAS Part 2's Rules concerning communications with Chambers and staff.
2. The Part Clerk for IAS Part 2 shall advance to October 11, 2024 Defendant's second motion to reargue (Motion Sequence No. 9) the summary judgment order of August 2, 2024 (on Motion Sequence No. 6).
3. Defendant's second motion to reargue (Motion Sequence No. 9) the summary judgment order of August 2, 2024 (on Motion Sequence No. 6) is treated by the Court as a motion to restore to the calendar the first motion to reargue (Motion Sequence No. 8).
4. Defendant's second motion to reargue (Motion Sequence No. 9) the summary judgment order of August 2, 2024 (on Motion Sequence No. 6), which is treated by the Court as a motion to restore to the calendar the first motion to reargue (Motion Sequence No. 8), is DENIED.
5. No further motions to reargue the summary judgment order of August 2, 2024 (on Motion Sequence No. 6) shall be noticed by Defendant.
6. The parties shall advise the Jury Coordinating Part of the within disposition of Defendant's second motion to reargue (Motion Sequence No. 9) the summary judgment order of August 2, 2024 (on Motion Sequence No. 6).
E N T E R
HON. AARON D. MASLOW
Justice of the Supreme Court of the State of New York

Footnotes

Footnote 1:Actually, the motion had been filed the day before, October 2, 2024.

Footnote 2:This is an error. The motion was advanced from November 15, 2024 to September 20, 2024.

Footnote 3:https://ww2.nycourts.gov/courts/2jd/kings/civil/MaslowRules.shtml (last accessed Oct. 10, 2024).

Footnote 4:Similarly, IAS Part 2 Rules, Part I, § 5 provides that certain other inquiries are not permitted, either because the information is available elsewhere or implicates ethical concerns regarding communications.