Holguin v Remica Prop. Group Corp. (2025 NY Slip Op 50262(U))

[*1]

Holguin v Remica Prop. Group Corp.

2025 NY Slip Op 50262(U)

Decided on March 1, 2025

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 1, 2025
Supreme Court, Kings County

Stiven Holguin, Plaintiff,

against
Remica Property Group Corp., BP Products North America Inc. and Atlantic Gas, Inc. d/b/a 7-Eleven Store, Defendants.

Index No. 504046/2024

Aaron D. Maslow, J.

This decision and order is prompted by the ex parte communications of personnel from counsels' offices with the undersigned on Thursday, February 20, 2025, and constitutes compliance with 22 NYCRR 100.3 (B) (6) (a). On that date, a person who identified themself as Shahnewaz Khanatty, from Heidell, Pittoni, Murphy & Bach, LLP, attorneys for defendants BP Products North America Inc. and Atlantic Gas, Inc., and a person who identified themself as Atiqa Rehman, from Bogoraz Law Group, P.C., attorneys for plaintiff, called chambers and inquired about a motion on the calendar (Motion Sequence No. 1) the next day. The motion was filed by plaintiff and it sought a default judgment against defendant Remica Property Group Corp. Both persons inquired about whether the motion would be heard; a stipulation of adjournment had been previously filed on NYSCEF.
When these individuals called, no one but the undersigned was present in chambers. Hence, the undersigned answered the telephone. Both Shahnewaz Khanatty and Atiqa Rehman were instructed that § 2 of Part I of IAS Part 2 Rules provides as follows:
§ 2. Scheduling or logistical issues regarding appearances. All scheduling and logistical issues with respect to appearances which cannot be answered by consulting these Rules or eCourts SHALL be addressed to the Part Clerk via email and not via telephone — and not to chambers. However, if the inquiry is being made less than 24 hours prior to the scheduled appearance, inquiries concerning scheduling or logistical issues not covered by these Rules or eCourts may be made by phone call to the Part Clerk — but not to chambers. See below for further information regarding emails.
Other than obtaining the identity of the individuals calling, their affiliations, and the case name and index number, the Court's speaking was limited to a recitation of the above Rule. That [*2]constituted the totality of the conversations.
The Rules of the Chief Administrator of the Courts provide at 22 NYCRR 100.3 (B) (6) (a) as follows:
Ex parte communications that are made for scheduling or administrative purposes and that do not affect a substantial right of any party are authorized, provided the judge reasonably believes that no party will gain a procedural or tactical advantage as a result of the ex parte communication, and the judge, insofar as practical and appropriate, makes provision for prompt notification of other parties or their lawyers of the substance of the ex parte communication and allows an opportunity to respond.
Clearly, declining to answer an inquiry and referring someone to rules prohibiting contacting chambers des not affect a substantial right of any party and does not provide a party with a procedural or tactical advantage. However, if what transpired is deemed engaging in ex parte communications concerning scheduling or administrative matters, the filing of the within decision and order on NYSCEF, with the attendant automatic electronic notification of parties registered to receive notifications for this case, constitutes "prompt notification of other parties or their lawyers of the substance of the ex parte communication and allows an opportunity to respond" (22 NYCRR 100.3 [B] [6] [a]. The Court deems that it fulfilled its responsibilities pursuant to this provision.
Nonetheless, regardless of the brevity and innocuous nature of the conversations, it is imperative to restate to the law firms whose personnel called and to others practicing before IAS Part 2 that the Part Rules must be complied with in terms of communications to the Court. This Court previously dealt with the subject of law firms contacting chambers in the context of seeking advice, in Criollo v 719 Henry, LLC (84 Misc 3d 1209[A], 2024 NY Slip Op 51398[U] [Sup Ct, Kings County 2024]). It now deals with contacting chambers regarding appearances.
No advice was sought by the personnel who called. Nonetheless, the Court reiterates that it has carefully crafted a set of Part Rules designed to conduct the judicial process in a fair, ethical, and orderly fashion. Faced at the outset of assuming office with numerous calls into chambers from law firms seeking guidance as to how to proceed in various situations, the Court adopted a policy that contact must be limited to avoid improper ex parte communications. Toward that end, scheduling or logistical issues regarding appearances are to be raised with the Part Clerk by email (with copies to other parties), unless the matter is raised less than 24 hours prior to an appearance, in which instance the Part Clerk may be called. In no event are scheduling or logistical issues regarding appearances to be addressed to chambers. The Part Clerk's contact information is included in the Part Rules. (See IAS Part 2 Rules,[FN1]
Part I.)
Compliance with these Part Rules is a serious matter. In some instances, where there has been a question of an ex parte communication, courts have been asked to recuse themselves (see Matter of Jose V., 214 AD3d 523 [1st Dept 2023]; Abe v New York Univ., 2016 WL 1594069 [Sup Ct, NY County 2016]; Gabay v Bender, 2006 NY Slip Op 30535 [Sup Ct, NY County], affd 34 AD3d 207 [1st Dept 2006]).
A lawyer in an adversarial proceeding shall not, except in certain permissible instances, communicate or cause another person to do so on the lawyer's behalf, as to the merits of the [*3]matter with a judge or official of a tribunal or an employee thereof before whom the matter is pending (see Rules of Prof Conduct [22 NYCRR 1200.0] rule 3.5 [a] [2].) A violation of this ethical rule is sanctionable (see Matter of Steinberg, 167 AD3d 206 [1st Dept 2018]). What transpired here was not an attempt to discuss the merits of a matter. But the guardrail designed to prevent this—by limiting contact with chambers and contacting the Part Clerk instead—was transgressed.
The Court determines that its rule prohibiting contacting chambers with regard to appearances is valid and enforceable.[FN2]
A trial court possesses the right to enforce the rules governing practice and procedure before it (e.g. Anuchina v Marine Transp. Logistics, Inc., 216 AD3d 1126 [2d Dept 2023] [motion relating to disclosure must be accompanied by moving counsel's affirmation attesting to having conferred with opposing counsel in good faith effort to resolve issues]; McGee v Putnam County Assistant Dist. Attorney David M. Bishop, 192 AD3d 1446 [3d Dept 2021] [memorandum of law page limit]; Hornsby v Cathedral Parkway Apts. Corp., 179 AD3d 584 [1st Dept 2020] [affirmation page limit]; Basie v Wiggs, 173 AD3d 1127 [2d Dept 2019] [Matrimonial Part rules]; Appleyard v Tigges, 171 AD3d 534 [1st Dept 2019] [60-day summary judgment motion deadline]; Shah v RBC Capital Mkts. LLC, 115 AD3d 444 [1st Dept 2014] [all outstanding discovery matters to be raised at compliance conferences]; Biscone v Jetblue Airways Corp., 103 AD3d 158 [2d Dept 2012] [provide working copies of electronically-filed documents]; Maddus v Bowman, 12 AD2d 626 [2d Dept 1960] [Statement of Readiness Rule requiring plaintiff to furnish authorization to obtain hospital records]; Shmerelzon v Gravesend Mgt., Inc., 80 Misc 3d 1233[A], 2023 NY Slip Op 51155[U] [Sup Ct, Kings County 2023] [adjournment requests must contain specified data and be submitted three days in advance]; Wade v Khadka, 80 Misc 3d 1222[A], 2023 NY Slip Op 51058[U] [Sup Ct, Kings County 2023] [identify party seeking adjournment and good cause reason]; Brick&Mortar LLC v Momo Sushi Inc., 79 Misc 3d 1239[A], 2023 NY Slip Op 50838[U] [Sup Ct, Kings County 2023] [submission of referenced electronically-filed documents as exhibits to motion papers]; Stipa Sprecase v Tenreiro, 2023 WL 3972435 [Sup Ct, NY County 2023] [motions to reargue or renew be made by order to show cause]; Latorre v Rahman, 2022 NY Slip Op 32044[U] [Sup Ct, NY County 2022] [no motions allowed until conference is held]; Bedingfield v Dairymade Farms, Inc., 46 Misc 2d 146, 148 [Sup Ct, Suffolk County 1965] [rule requiring statement of readiness be filed with note of issue "is consistent with the inherent power of the Court to control its business"]; Scully v Jefferson Truck Renting Corp., 43 Misc 2d 48 [Sup Ct, Kings County 1964] [statement of readiness be filed with note of issue]; cf. Crawford v Liz Claiborne, Inc., 11 NY3d 810 [2008] [IAS Part rule not in effect when preliminary conference order issued, resulting in application of Local Rules]). "[I]t is within the court's inherent and statutory power to control the order of its business, and to so conduct its business as to safeguard the rights of all litigants, to preclude unfair procedural advantage to any party, and to prevent needless disruption of orderly court procedures" (Maddaud v Bowman, 12 AD2d 626, 626 [2d Dept 1960]).
In further fulfillment of its responsibilities to insure that law firms conducting litigation [*4]before IAS Part 2 are in compliance with ethical prescriptions, the Court deems it appropriate to direct that the two law firms which contacted chambers are to certify to this Court that IAS Part 2 Rules, in particular those provisions governing inquiries regarding court appearances, have been reviewed. Further, pursuant to 22 NYCRR 100.3 (B) (6) (a), any parties to this action who wish to do so are afforded an opportunity to respond to what transpired.
In conclusion, IT IS HEREBY ORDERED that by March 10, 2025, Heidell, Pittoni, Murphy & Bach, LLP and Bogoraz Law Group, P.C. shall filed certifications on NYSCEF that they have reviewed IAS Part 2 Rules.

Footnotes

Footnote 1:https://ww2.nycourts.gov/courts/2jd/kings/civil/MaslowRules.shtml (last accessed Oct. 10, 2024).

Footnote 2:Similarly, IAS Part 2 Rules, Part I, § 5 provides that certain other inquiries are not permitted, either because the information is available elsewhere or implicates ethical concerns regarding communications.